STATE OF NORTH CAROLINA v. VICTOR LAWRENCE COLLIER

No. 843SC416

(Filed 5 February 1985)

**Rape § 7; Criminal Law § 138— deadly weapons held by codefendant—aggravating factor**

Defendant's commission of a rape through the use of deadly weapons in the hands of his codefendant was a circumstance transactionally related to the commission of second degree rape and reflective of his individual culpability for the crime, and, as such, was properly considered by the trial judge and found as an aggravating factor.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 18 January 1984 in Superior Court, PITT County. Heard in the Court of Appeals 16 January 1985.

Defendant was charged in a true bill of indictment with first degree rape in violation of G.S. 14-27.2(a)(2)c. Pursuant to a plea arrangement, he entered a plea of guilty to second degree rape. After a sentencing hearing, Judge Strickland made written findings of the following aggravating factors:

26. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement.

27. Additional written findings of factors in aggravation: The defendant acting in concert with the co-defendants used a deadly weapon in the commission of the offense, both a handgun and a knife.

No mitigating factors were found and the defendant was sentenced to imprisonment for a term of forty years. The defendant appeals pursuant to G.S. 15A-1444(a1).

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Floyd N. Lewis, for the State.*

*Russell Houston, III, for defendant appellant.*

MARTIN, Judge.

The sole question presented for decision is whether the trial court erred in defendant's sentencing hearing by considering as an aggravating factor that the defendant, acting in concert with the co-defendants, used a deadly weapon in the commission of the offense of second degree rape. We find no error and affirm the judgment.

The evidence discloses that on 26 June 1982 the defendant and James Bullock went to the apartment occupied by the victim, Mrs. Diane Marie Edwards, and her two small children. Bullock, who was known to Mrs. Edwards, asked to use the telephone and for a glass of water for the defendant. Bullock and the defendant were admitted to the apartment and shortly thereafter Bullock pulled a gun and made Mrs. Edwards and her children go into her bedroom and sit on the floor. Bullock and the defendant then

removed a number of items from Mrs. Edwards' apartment and took them to an automobile where Keith Lewis was waiting. After they had finished carrying things out of the apartment, they returned and pulled the telephone cord from the wall and tied Mrs. Edwards' hands and feet. Bullock then took out a knife and split Mrs. Edwards' shirt and panties and asked the defendant if he wanted to have sexual intercourse with her. The defendant said that he did, and he and Bullock picked Mrs. Edwards up and carried her to another bedroom where the defendant had vaginal intercourse with her. Lewis and Bullock also had intercourse with Mrs. Edwards. Throughout the entire incident, Bullock was the only one who held the gun or knife.

The defendant contends that the trial court erred in considering, for sentencing purposes, the actions of the co-defendant, Bullock, in using the gun and the knife in the commission of the rape, under the theory of "acting in concert." He argues that the law imposes a liability upon the defendant for the actions of a co-defendant under the theory of "acting in concert" for the purposes of guilt determination only.

In expounding this argument, the defendant relies upon *State v. Benbow*, 309 N.C. 538, 308 S.E. 2d 647 (1983). In *Benbow*, the defendant participated with three others in the planning of a robbery of an elderly man. He accompanied the others to the victim's place of business and acted as a lookout. When the victim came out of his office, two of the co-defendants beat him savagely, with large sticks and robbed him. At the time of the beating and robbery, Benbow was located approximately twenty-five feet away. The victim died as a result of the beating. Benbow entered a plea of guilty to second degree murder and was sentenced to life imprisonment. He appealed, contending, among other things, that the trial court erred in finding as an aggravating factor that the killing was especially heinous, atrocious or cruel, and in failing to find as a mitigating factor that Benbow was a passive participant in the crime. Our Supreme Court sustained the finding of the aggravating factor that the beating death of the victim was especially heinous, atrocious and cruel, even though Benbow did not participate, but remanded the case for resentencing for other errors committed in connection with the sentence. The Supreme Court noted that the evidence did not support a finding that Benbow was a passive participant in the robbery, because he had

clearly played an active role in its planning and commission. However, as to the murder, the Supreme Court held that the evidence could support a finding that Benbow was a passive participant because he was acting as a lookout, did not participate in the beating and did not anticipate that a murder would result from the robbery. The Supreme Court stated,

> [w]e emphasize that a defendant's liability for a crime, including whether he was the principal offender or an accessory, is determined at the guilt phase of a trial or, as in the case *sub judice*, by a plea. At sentencing the focus must be on the offender's *individual* culpability. It is therefore proper at sentencing to consider the defendant's actual role in the offense as opposed to his legal liability for the acts of others.

*Id.* at 546, 308 S.E. 2d at 652 (original emphasis). It is upon this language that defendant reasons that the use of deadly weapons by his co-defendant, Bullock, cannot enhance the defendant's sentence.

This reasoning cannot be sustained. In *Benbow, supra,* the Supreme Court approved the finding of the aggravating factor that the killing was especially heinous, atrocious and cruel based on the evidence of a savage beating administered by two co-defendants with whom Benbow was acting in concert, even though he did not personally participate in the beating. Unlike Benbow, the defendant personally engaged in vaginal intercourse with Mrs. Edwards against her will at a time when her submission had been brought about by the defendant and by Bullock, acting jointly, with Bullock displaying the weapons. We hold that the defendant's individual culpability, therefore, for the rape is the same as if he had personally held the weapons.

The defendant was indicted for first degree rape. Through plea bargaining, he was permitted to plead guilty to second degree rape. The use of a deadly weapon is not an element of the offense of second degree rape. "As long as they are not elements essential to the establishment of the offense to which the defendant pled guilty, all circumstances which are transactionally related to the admitted offense and which are reasonably related to the purposes of sentencing must be considered during sentencing." *State v. Melton,* 307 N.C. 370, 378, 298 S.E. 2d 673, 679 (1983). We hold that the defendant's commission of this rape

through the use of deadly weapons in the hands of his co-defendant is a circumstance transactionally related to the commission of second degree rape and reflective of his individual culpability for the crime. As such, it was properly considered by the trial judge and found as an aggravating factor.

Affirmed.

Judges BECTON and JOHNSON concur.