STATE OF NORTH CAROLINA v. GARY WAYNE HAYWOOD

No. COA00-412

(Filed 19 June 2001)

**1. Sexual Offenses— first-degree—force element missing in original indictment—amendment not substantial alternation**

The trial court properly concluded the indictment charging defendant with first-degree sexual offense under N.C.G.S. § 15-144.2(a) should not have been dismissed even though it omitted the element of force, because the State's amendment of the indictment to include the addition of the term "by force" did not substantially alter the charge against defendant when the terms "feloniously" and "against the victim's will" were already included in the indictment.

**2. Discovery— prior criminal records of non-law enforcement witnesses of the State—not required**

The trial court did not err by denying defendant's motion to require the State to furnish the prior criminal records of non-law enforcement witnesses for the State, because our Supreme Court

has held that the State is not required to produce such information in discovery.

### 3. Conspiracy— first-degree rape—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of conspiracy to commit first-degree rape, because: (1) there was evidence that after the female victim told a coconspirator that she did not want to have sex with him, the coconspirator asked defendant to step outside the car to talk with him; (2) after the men returned to the car, the coconspirator drove to a convenience store where he and defendant entered and the coconspirator bought condoms; and (3) defendant allegedly engaged in all the same sex acts with the victim that his coconspirator did.

### 4. Rape— first-degree—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of first-degree rape, because: (1) a nurse testified that the victim told her at the hospital on the night of the crime that the men had penetrated both her vagina and her rectum, N.C.G.S. § 8C-1, Rule 803(4); (2) the victim testified that defendant had committed all the same sex acts that his coparticipant did; (3) the jury could have imputed the coparticipant's use of a handgun to defendant under the theory of acting in concert; and (4) there is substantial evidence that the coparticipant aided and abetted defendant in committing the rape.

### 5. Sexual Offenses— first-degree—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of first-degree sexual offense, because: (1) the jury could have imputed the coparticipant's use of a handgun to defendant under the theory of acting in concert; and (2) there is substantial evidence that the coparticipant aided and abetted defendant in having oral and anal intercourse with the victim.

### 6. Conspiracy— motion for bill of particulars denied—no abuse of discretion

The trial court did not abuse its discretion by denying defendant's motion for a bill of particulars under N.C.G.S. § 15A-925(a) on the charge of conspiracy, because defendant was not harmed by the State's failure to notify him that it planned to use his conversation with his coconspirator outside the car as evidence of a

conspiracy when the State presented no evidence regarding the content of the conversation and defendant was able to present evidence to specifically rebut all of the State's evidence on conspiracy.

**7. Criminal Law— denial of recess at close of State's evidence—no prejudice**

The trial court did not abuse its discretion in a prosecution for first-degree rape, first-degree sexual offense, and conspiracy to commit first-degree rape by denying defendant a recess at the close of the State's evidence until the next day to confer with counsel regarding his decision to testify and present witnesses on his behalf, because: (1) defendant has not shown that he was prejudiced by his decision to take the stand and present a witness on his behalf; (2) it was only through defendant's testimony that he was able to present evidence on the defense of necessity and evidence negating the charge of conspiracy; (3) the State was not permitted to cross-examine defendant regarding prior convictions; and (4) the Court of Appeals is unable to say that the trial court would not have granted a recess of shorter duration if defendant had clearly asked for one.

**8. Evidence— defendant's reputation for non-violence— warning to defense counsel—opening door for defendant's previously excluded past convictions**

The trial court did not err in a prosecution for first-degree rape, first-degree sexual offense, and conspiracy to commit first-degree rape by warning defense counsel that his questioning of a witness regarding the witness's opinion of defendant's reputation for non-violence might allow the State to introduce previously excluded evidence of defendant's past convictions, because: (1) the trial court's warning was not a formal ruling on the evidence; and (2) the court was not required to exclude the evidence of defendant's prior convictions in the first place.

**9. Criminal Law— jury instruction—duress—necessity**

The trial court did not err in a prosecution for first-degree rape, first-degree sexual offense, and conspiracy to commit first-degree rape by denying defendant's request for a jury instruction on the defense of duress, because: (1) defendant did not present evidence that he engaged in sexual acts with the victim in order to prevent his coparticipant from injuring defendant; and (2) defendant's theory that he pretended to go along with his copar-

ticipant's assault on the victim in order to prevent the copartici- pant from beating the victim further goes to the defense of neces- sity, on which the trial court did instruct.

**10. Sexual Offenses— first-degree—wrong name used in jury instruction—no plain error**

The trial court did not err by inserting the name of defend- ant's coparticipant rather than the name of defendant in its jury instruction on the charge of first-degree sexual offense, because: (1) defendant did not object to the charge before the jury retired as required by N.C. R. App. P. 10(b)(2) in order to preserve this issue for appeal; and (2) there was no plain error when there is no significant chance the jury convicted defendant of first-degree sexual offense thinking it was convicting the coparticipant.

**11. Sexual Offenses; Rape— first-degree—disjunctive jury in- struction proper**

The trial court did not err by denying defendant's post-verdict motion to set aside the verdict on the charges of first-degree rape, first-degree sexual offense, and conspiracy to commit first-degree rape, because the Supreme Court has upheld a defendant's con- victions for these crimes based upon the same disjunctive jury instruction utilized in this case showing defendant could be found guilty of these crimes if he either displayed a dangerous or deadly weapon or was aided and abetted by one or more persons during their commission.

**12. Sexual Offenses; Rape— first-degree—motion for new trial, arrest of judgment, and other relief properly denied**

The trial court did not err in a prosecution for first-degree rape, first-degree sexual offense, and conspiracy to commit first- degree rape by denying defendant's motion for appropriate relief seeking a new trial, arrest of judgment, and other relief as appro- priate, because there was no showing the trial court abused its discretion.

Appeal by defendant from judgments entered 22 May 1998 by Judge A. Leon Stanback, Jr., in Robeson County Superior Court. Heard in the Court of Appeals 28 March 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Thomas O. Lawton, III, for the State.*

*Hubert N. Rogers, III, for defendant.*

HUDSON, Judge.

Defendant appeals from his conviction of the crimes of first degree rape, first degree sexual offense, and conspiracy to commit first degree rape. We find no error.

The facts presented at trial tended to show that Loretta Kimbrough (Loretta) was walking along a road in Robeson County on the evening of 26 October 1996 when a car containing three men pulled up beside her. Defendant was in the passenger seat, James Haywood (James), defendant's cousin, was driving, and Tim Robinson (Tim) sat in the backseat. Loretta recognized James' face and knew Tim, as he had previously dated her sister. Loretta told James she was walking to a club called T.J.'s to meet her sisters. James told her that T.J.'s was closed and asked if she would like to go with them to buy some beer. She said she would and got into the backseat of the car.

Instead of driving to a store, James drove down a dirt road and asked Loretta to get out of the car to talk with him. He then asked her if she would have sex with him, and she told him no. When Loretta got back into the car, James asked defendant to get out of the car to talk with him. Defendant did, but neither Loretta nor Tim could hear what they said. James then drove to a convenience store. He and defendant went inside, and James purchased a pack of condoms. After they left the convenience store, Loretta began to be worried and asked to be taken back to where they had found her; she testified that defendant laughed at her.

James eventually drove to a vacant barn and forced Loretta out of the car by pointing a gun at her and hitting her in the face. He continued to beat her and began to sexually assault her. Defendant sat in the car for approximately twenty-five minutes, and testified that he got out of the car to try to make James stop. However, Loretta testified that, although defendant never beat her, he took turns with James sexually assaulting her. Tim testified that at one point defendant returned to the car where Tim still sat in the backseat, handed him a condom, and asked him if he wanted to participate. Tim refused. Against James' protests, defendant eventually insisted that they leave and that they take Loretta with them. Defendant drove Loretta to a bridge near a West Point Pepperell plant and let her out of the car. He and Tim testified that defendant was upset with James for beating Loretta.

STATE v. HAYWOOD

[144 N.C. App. 223 (2001)]

In a trial commencing 18 May 1998, defendant was found guilty of first degree rape, first degree sexual offense, and conspiracy to commit first degree rape, and not guilty of second degree kidnapping. He was sentenced to between 240 and 297 months on the first degree rape charge, to between 240 and 297 months on the first degree sexual offense, and to between 151 and 191 months on the conspiracy charge, the sentences to run concurrently. Defendant filed notice of appeal to this Court.

[1] Defendant first contends on appeal that his indictment for first degree sexual offense should have been dismissed in that it omitted the element "by force." The indictment in question reads in pertinent part: "the defendant named above unlawfully, willfully and feloniously did engage in a sexual offense with Lorretta [sic] Kimbrough against the victim's will." N.C.G.S. § 15-144.2(a) (1999) states that in indictments for sex offense, "it is sufficient in describing a sex offense to allege that the accused person unlawfully, willfully, and feloniously did engage in a sex offense with the victim, naming the victim, by force and against the will of such victim." Defendant's indictment did omit the term "by force" specified in G.S. § 15-144.2(a). Over the objection of defendant, the court allowed the State to amend the indictment to insert this term.

Pursuant to N.C.G.S. § 15A-923(e) (1999), a bill of indictment may not be amended in a manner which substantially alters the charge set forth. *See State v. Brinson,* 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994). Therefore, we must determine whether the addition of the term "by force" in the indictment substantially altered the charge against defendant. Our Supreme Court opined in *State v. Johnson,* 226 N.C. 266, 268, 37 S.E.2d 678, 679 (1946), that while a rape indictment omitting both the terms "forcibly" and "against the will" of the victim is fatally defective, the term " 'forcibly' can be supplied by any equivalent word" and "is sufficiently charged by the words 'feloniously and against her will.' " Since the indictment in the present case did include the terms "feloniously" and "against the victim's will," we believe the charge was not substantially altered by the addition of the term "by force." Thus, the trial court did not err in allowing the amendment.

[2] Defendant next argues the trial court erred in denying his motion to require the State to furnish the prior criminal records of non-law enforcement witnesses for the State. Our Supreme Court has held that the State is not required to produce such information in discov-

ery. *See State v. Bruce*, 315 N.C. 273, 279, 337 S.E.2d 510, 514-15 (1985). This assignment of error is overruled.

Defendant further contends the trial court erred in denying his motion to dismiss the charges against him for insufficiency of the evidence. In ruling on a motion to dismiss, the trial court must decide whether there is substantial evidence as to each essential element of the crime charged and that defendant was the person who committed the offense. *See State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). Furthermore, the court must consider all of the evidence in the light most favorable to the State; the defendant's evidence, unless favorable to the State, is not to be taken into consideration. *See State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 652-53 (1982).

**[3]** Defendant first contends there was insufficient evidence of a conspiracy to commit first degree rape. Conspiracy is an agreement between two parties to do an unlawful act. *See State v. LeDuc*, 306 N.C. 62, 75, 291 S.E.2d 607, 615 (1982), *overruled on other grounds by State v. Childress*, 321 N.C. 226, 362 S.E.2d 263 (1987). Evidence of an overt act or express agreement is not required and the crime may be proved solely by circumstantial evidence. *See id.* at 75-76, 291 S.E.2d at 615-16. A person is guilty of rape if he engages in vaginal intercourse with a person by force and against her will; the crime is elevated to first degree if, among other options, he displays a dangerous weapon or is aided and abetted by another person. *See* N.C.G.S. § 14-27.2 (1999).

At trial, the State proved the crime of conspiracy based solely on circumstantial evidence. In particular, there was evidence that after Loretta told James she did not want to have sex with him, James asked defendant to step outside the car and talk with him. After the men returned to the car, James drove to a convenience store where he and defendant entered and James bought condoms. James then drove to a trailer park behind the store and tried to get Loretta out of the car; when a light came on in one of the trailers, defendant allegedly told James it was the wrong stop. As James was driving to the barn where Loretta was raped, defendant purportedly laughed when Loretta asked to be taken back to where they had found her. Defendant knew James owned a handgun and had seen him with it earlier that day. When they reached the barn, James threatened Loretta with the handgun, forced her out of the car, and began sexu-

ally assaulting her. Defendant allegedly engaged in all the same sex acts with Loretta that James did, including oral, vaginal, and anal intercourse.

We believe the above evidence taken together is adequate to support the inference that defendant made an agreement with James to commit rape in the first degree. Thus, the trial court did not err in submitting the charge of conspiracy to commit first degree rape to the jury.

**[4]** Defendant next argues there was insufficient evidence that he committed first degree rape. Specifically, he contends that there was no evidence he penetrated Loretta's vagina with his penis. Loretta testified at trial regarding defendant: "He put his penis in my rectum. He made me have sex with him." Thus, it is true that she did not specifically testify that defendant penetrated her vaginally. However, a nurse testified Loretta told her at the hospital the night of the crime that the men had penetrated both her vagina and her rectum. *See* N.C.R. Evid. 803(4) (statements made for purposes of medical treatment are exceptions to hearsay rule). In addition, Loretta testified that defendant had committed all the same sex acts James had.

Defendant also asserts there was insufficient evidence to elevate the crime of rape to first degree. The trial court instructed the jury it could find defendant guilty of first degree rape if he "displayed a dangerous or deadly weapon" or "was aided and abetted by another person" during the commission of the crime. *See* G.S. § 14-27.2(a)(2)(a) & (c). The evidence is undisputed that James displayed a handgun during his and defendant's sexual assault of Loretta. The jury could have imputed James' use of the handgun to defendant under the theory of acting in concert and was in fact given an instruction on this theory.

> It is not . . . necessary for a defendant to do any particular act constituting at least part of a crime in order to be convicted of that crime under the concerted action principle so long as he is present at the scene of the crime and the evidence is sufficient to show he is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime.

*State v. Joyner*, 297 N.C. 349, 357, 255 S.E.2d 390, 395 (1979); *cf. State v. Collier*, 72 N.C. App. 508, 325 S.E.2d 256 (1985) (co-defendant's dis-

play of weapon during rape may be used as aggravating factor in defendant's sentencing).

In addition, the record is replete with evidence that James aided and abetted defendant in committing the rape. James threatened Loretta with a gun and beat her into submission, stood by while defendant raped her, and the two men sexually assaulted her simultaneously at least once. Thus, there was substantial evidence to support defendant's conviction of first degree rape.

[5] Defendant also asserts there was insufficient evidence he committed the crime of first degree sexual offense. *See* N.C.G.S. § 14-27.4 (1999); *id.* § 14-27.1(4) (1999). Specifically, he claims there was no evidence that he displayed a dangerous or deadly weapon or that James aided and abetted him in having oral or anal intercourse with Loretta. For reasons stated above, defendant's argument has no merit.

[6] Defendant next argues as error the trial court's denial of his motion for a bill of particulars on the charge of conspiracy. N.C.G.S. § 15A-925(a) (1999) sets forth that, upon motion of a defendant, the trial court "may order the State to file a bill of particulars." The motion must specify which items of factual information are desired by the defendant, and "[i]f any or all of the items of information requested are necessary to enable the defendant adequately to prepare or conduct his defense, the court must order the State to file and serve a bill of particulars." G.S. § 15A-925(b), (c).

The grant or denial of a motion for a bill of particulars is within the discretion of the trial court and is not reversible except for "palpable and gross abuse thereof." *State v. Young*, 312 N.C. 669, 676, 325 S.E.2d 181, 186 (1985). Furthermore, "denial of a defendant's motion for a bill of particulars will be held error only when it clearly appears to the appellate court that the lack of timely access to the requested information significantly impaired defendant's preparation and conduct of his case." *State v. Moore*, 335 N.C. 567, 588, 440 S.E.2d 797, 809, *cert. denied*, 513 U.S. 898, 130 L. Ed. 2d 174 (1994) (citation omitted).

As stated above, evidence of an overt act or express agreement is not required to prove the crime of conspiracy; it may be proven solely by circumstantial evidence. *LeDuc*, 306 N.C. at 75-76, 291 S.E.2d at 615-16. Given the nature of conspiracy, therefore, it is a crime particularly appropriate for the granting of a bill of particulars. As Justice (later Chief Justice) Mitchell wrote in a concurring opinion in *State v.*

*Christopher*, 307 N.C. 645, 652-53, 300 S.E.2d 381, 385 (1983): "We have previously indicated that, in conspiracy cases, we will encourage our trial courts to allow motions for bills of particulars directing prosecutors to reveal information required to enable defendants to meet the charges against them, to the extent such information is known to the prosecutors."

In the present case, defendant requested that the State provide:

The terms and contents of any alleged agreement between the Defendant and any other person wherein they agreed to commit the offense of first degree forcible rape, when and where said conversation occurred, and the names of all persons present at the time of said conversation and agreement.

This request was objected to by the State and denied by the court.

In regard to the specific information requested by defendant in the bill of particulars, the only evidence of a conversation between James and defendant regarding a plan to commit rape was that they spoke outside the car before going to the convenience store. The State presented no evidence as to the substance of the conversation. Defendant testified that the conversation consisted of James telling him that his drug supplier was not at home, so they would just go ahead and get the beer. Defendant also stated that he was not aware James was buying condoms in the convenience store, that he was not aware of any plan James had to rape Loretta, and that he merely pretended to have sex with Loretta in order to placate James and keep him from hurting Loretta. Furthermore, Tim testified that on the way to the barn, James kept saying he had to "get some 'me me,' " and defendant asked him what in the world he was talking about.

In conclusion, we do not believe defendant was harmed by the State's failure to notify him that it planned to use his conversation with James outside the car as evidence of a conspiracy. The State presented no evidence regarding the content of the conversation, and defendant was able to present evidence to specifically rebut all of the State's evidence on conspiracy. Thus, we find no reversible error in the trial court's denial of defendant's motion for a bill of particulars on the conspiracy charge.

[7] Defendant next argues the trial court erred in denying him a reasonable recess to confer with counsel regarding his decision to testify and present witnesses on his behalf. At the close of the State's evidence and after defendant's motion to dismiss had been denied, at

approximately 4:15 p.m., counsel for defendant requested that the court recess until morning so that he could discuss with his client whether to take the stand in his own defense. This motion was denied.

Our Supreme Court made clear in *State v. Goode*, 300 N.C. 726, 268 S.E.2d 82 (1980), the importance of allowing a defendant time to confer with his attorney at the close of the State's evidence in order to decide whether or not to testify.

> Although the rules of criminal procedure have not dealt directly with this question, such recesses at the close of the State's evidence are deeply ingrained in the course and practice of our courts and, when requested, have been granted as a matter of course so long that "the memory of man runneth not to the contrary."

*Id.* at 730, 268 S.E.2d at 84. However, the decision whether to grant a recess at the close of the State's evidence is addressed to the discretion of the trial court, and a defendant must show he was prejudiced by the denial to establish reversible error. *See id.* at 729-30, 268 S.E.2d at 84.

Assuming *arguendo* the trial court erred in denying defendant's motion for a recess to confer with his attorney, defendant has not shown that he was prejudiced by his decision to take the stand and present a witness in his behalf. It was only through defendant's testimony that he was able to present evidence on the defense of necessity and evidence negating the charge of conspiracy. Furthermore, the State was not permitted to cross-examine him regarding prior convictions. Finally, we note that while the defendant in *Goode* asked for a "short recess" to confer with counsel, *id.* at 728, 268 S.E.2d at 83, and denial of this request was found to be reversible error, defendant in this case asked for a recess until the next day. We are unable to say that the trial court here would not have granted a recess of shorter duration if defendant had clearly asked for one. Defendant's assignment of error on this point is overruled.

[8] Defendant next contends the trial court erred by warning defense counsel that his questioning a witness regarding the witness's opinion of the defendant's reputation for non-violence might allow the State to introduce previously excluded evidence of defendant's past convictions. Previously, on cross-examination of defendant, the State had attempted to inquire about his convictions for communicating threats

and assault on a female. These convictions had not been furnished to defendant in discovery, and pursuant to N.C.G.S. § 15A-910(3) (1999), the court prevented the State from cross-examining defendant about them. When defendant put his former employer on the stand to testify as a character witness, the trial court admonished defense counsel at an unrecorded bench conference that if the witness testified about defendant's trait for non-violence, it might open the door for the State to impeach him with evidence of the previously excluded convictions. Defense counsel later summarized the court's statement for the record and entered an objection. The trial judge responded by noting that his warning was merely that and not a formal ruling on the evidence.

Sanctions imposed for failure to comply with discovery procedures are permissive and are ordered in the sound discretion of the trial court. *See State v. King*, 311 N.C. 603, 619, 320 S.E.2d 1, 11 (1984). Given that the court was not required to exclude the evidence of defendant's prior convictions in the first place, we do not believe the judge acted improperly in warning defense counsel that testimony regarding defendant's trait for non-violence might cause him to reconsider his previous ruling excluding evidence of defendant's prior convictions. Assuming *arguendo* defendant's assignment of error on this point is properly presented to this Court, *see* N.C.R. App. P. 10(b) (complaining party must obtain a ruling by the court in order to preserve appeal), it is without merit.

**[9]** Defendant next asserts the trial court erred in denying his request for a jury instruction on the defense of duress. A trial court must give a requested instruction if it is a correct statement of the law and is supported by the evidence. *See State v. Rose*, 323 N.C. 455, 458, 373 S.E.2d 426, 428 (1988). In order to be entitled to an instruction on duress, a defendant must present evidence that he feared he would "suffer immediate death or serious bodily injury if he did not so act." *State v. Cheek*, 351 N.C. 48, 73, 520 S.E.2d 545, 560 (1999), *cert. denied*, 530 U.S. 1245, 147 L. Ed. 2d 965 (2000) (citation omitted).

We agree with the trial court that defendant did not present evidence that he engaged in sexual acts with Loretta in order to prevent James from injuring him. Defendant testified that James did not point the gun at him the entire evening and did not threaten his life. Rather, he testified that he pretended to go along with James' assault on Loretta in order to prevent James from beating her further. It was thus proper for the trial court to instruct the jury on the defense of necessity. Necessity excuses otherwise criminal behavior which was

STATE v. HAYWOOD

[144 N.C. App. 223 (2001)]

reasonably necessary to protect life, limb, or health, and where no other acceptable choice was available. *See State v. Thomas,* 103 N.C. App. 264, 265, 405 S.E.2d 214, 215, *disc. review denied,* 329 N.C. 792, 408 S.E.2d 528 (1991). This the trial court did. In conclusion, the trial court did not err in failing to instruct the jury on the defense of duress.

**[10]** Defendant further claims the trial court erred by inserting the name of James Haywood rather than the name of defendant in its jury instruction on the charge of first degree sexual offense. Defendant did not object to the charge before the jury retired as required by N.C.R. App. P. 10(b)(2) in order to preserve the issue for appeal. Thus, our review is limited to whether the court committed plain error in its instruction. *See State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983).

The record indicates that the trial court repeatedly referred to the defendant as Gary Haywood during jury instructions, including elsewhere in the charge on sexual offense, and made the error of using James Haywood's name only one time. We do not believe there is any significant chance the jury convicted defendant of first degree sexual offense thinking it was instead convicting James Haywood. The judge's instruction did not amount to plain error.

**[11]** Defendant next argues the trial court erred in denying his postverdict motions to set aside the verdict on each charge. In support of this assignment of error, defendant refers this Court to his earlier arguments on the insufficiency of the evidence, which we have found to be without merit.

Defendant also contends that the first degree rape and first degree sexual offense charges should have been set aside based on the lack of a unanimous verdict. The trial court instructed the jury it could find defendant guilty of these crimes if it found that defendant either "displayed a dangerous or deadly weapon" or was "aided and abetted by one or more other persons" during their commission. *See* G.S. § 14-27.2(a)(2)(a) & (c) and § 14-27.4(a)(2)(a) & (c). Defendant argues that members of the jury could thus have convicted him of these crimes based upon either of two different theories. This Court has previously determined that a trial court may properly instruct a jury in the disjunctive "when the acts charged in the disjunctive constitute a single wrong which can be established by a finding of various alternative elements." *State v. Green,* 124 N.C. App. 269, 282, 477 S.E.2d 182, 188 (1996), *aff'd,* 348 N.C. 588, 502 S.E.2d 819 (1998), *cert.*

DURHAM VIDEO & NEWS, INC. v. DURHAM BD. OF ADJUST.

[144 N.C. App. 236 (2001)]

*denied*, 525 U.S. 1111, 142 L. Ed. 2d 783 (1999) (quotations omitted). In *State v. Belton*, 318 N.C. 141, 165-66, 347 S.E.2d 755, 770 (1986), *overruled on other grounds by State v. Gaines*, 345 N.C. 647, 483 S.E.2d 396 (1997), the Supreme Court upheld a defendant's convictions for first degree rape and sexual offense based upon the same disjunctive jury instruction utilized in the present case. Defendant's argument must fail.

[12] Defendant finally contends the trial court erred in denying his motion for appropriate relief seeking a new trial, arrest of judgment, and other relief as appropriate. *See* N.C.G.S. § 15A-1414 (1999). In support of this assignment of error, defendant reasserts all of his previous arguments to the Court. The disposition of a motion for appropriate relief is subject to the sentencing judge's discretion and will not be overturned absent a showing of abuse of discretion. *See State v. Arnette*, 85 N.C. App. 492, 498, 355 S.E.2d 498, 502 (1987). In that we have found no merit in defendant's arguments above, we will not overrule the judge's decision to deny defendant's motion for appropriate relief.

No error.

Judges WYNN and TIMMONS-GOODSON concur.