972 F.2d 340
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Virgle HOOPER, Petitioner-Appellant,
v.
Talmadge BARNETT; Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 91-6620.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 18, 1992
Decided: July 29, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 John Virgle Hooper, Appellant Pro Se.
 Clarence Joe DelForge, III, Office of the Attorney General of North Carolina, for Appellees.
 E.D.N.C.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 John Hooper appeals from the district court's order granting the State's Motion for Summary Judgment and dismissing the claims raised in his 28 U.S.C. § 2254 (1988) petition as procedurally barred. For the reasons stated below we grant a certificate of probable cause to appeal and affirm in part and vacate and remand in part.
 
 
 2
 * Hooper was convicted by a jury of felonious breaking and entering and felonious larceny. He filed a § 2254 petition in the district court raising six claims for habeas relief: (1) the indictment charging him with larceny was insufficient; (2) his right against double jeopardy was violated; (3) the evidence was insufficient to prove felonious larceny; (4) North Carolina's law on probable cause hearings violates the Equal Protection Clause; (5) the judge acted vindictively when he sentenced Hooper; and (6) he received ineffective assistance of counsel at trial and sentencing.
 
 
 3
 All of these claims were raised previously in a Motion for Appropriate Relief before the state trial court. The state court expressly found all of Hooper's claims procedurally barred under N.C. Gen. Stat. § 15A-1419 (1988)[1] because Hooper had failed to raise them in his direct appeal. The Supreme Court of North Carolina denied Hooper's petition for certiorari. The district court found all of Hooper's claims procedurally barred.
 
 II
 
 4
 A petitioner's claims are procedurally barred from federal review when a state court judgment denies relief due to the claimant's failure to meet a state procedural requirement, and the state judgment is supported by adequate and independent state grounds, Harris v. Reed, 489 U.S. 255, 261 (1989), and the petitioner cannot establish cause and prejudice for the default. Murray v. Carrier, 477 U.S. 478, 485 (1986).
 
 
 5
 The state court clearly found Hooper's claims procedurally barred pursuant to N.C. Gen. Stat. § 15A-1419. In addition, Hooper asserted no convincing claims showing cause and prejudice to excuse his default. His legal inexperience is not adequate cause for failure to raise a claim, see Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986), and Hooper suffered no actual prejudice from his attorney's failure to include the claims in his direct appeal.
 
 
 6
 Therefore, we find that the district court correctly dismissed Hooper's first five claims. However, we disagree with the district court's order dismissing Hooper's sixth claim, ineffective assistance of counsel, as procedurally defaulted.
 
 III
 
 7
 A state criminal defendant's claim is procedurally defaulted if the state courts deny relief based on a failure to follow a state procedural rule and the state procedural rule is "independent of the federal question and adequate to support its judgment." Coleman v. Thompson, 59 U.S.L.W. 4789, 47 (U.S. 1991). To be "adequate," a state rule must be " 'regularly and consistently applied' by the state court," Meadows v. Legursky, 904 F.2d 903, 906 (4th Cir.), cert. denied, 59 U.S.L.W. 3391 (U.S. 1990), and "clearly announced to defendant and counsel." Henry v. Mississippi, 379 U.S. 443, 448 n.3 (1965). A state procedural bar will not prevent federal review if the state court incorrectly applied its rule. Williams v. Lane, 826 F.2d 654, 659 (7th Cir. 1987). However, a conclusion that there is not an adequate and independent basis for the procedural rule "should not be reached lightly or without clear support in state law." Meadows v. Holland, 831 F.2d 493, 497 (4th Cir. 1987) (en banc), vacated on other grounds, 489 U. S. 1049 (1989).
 
 
 8
 On more than one occasion the Supreme Court of North Carolina has stated that a Motion for Appropriate Relief, or other post conviction action which permits the defendant a hearing, is a more appropriate vehicle for asserting an ineffective assistance of counsel claim than a direct appeal, and has allowed ineffective assistance claims to be raised in other motions. See State v. Vickers, 291 S.E.2d 599, 603 (N.C. 1982). See also State v. Taylor, 393 S.E.2d 801 (N.C. 1990) (ineffective assistance not raised on direct appeal but in subsequent motion for appropriate relief); State v. Jordan, 365 S.E.2d 617 (N.C. 1988). As a result, the state procedural rule applied is not adequate to support the judgment of the federal district court denying Hooper's ineffective assistance claims as procedurally barred.
 
 
 9
 Because of the erroneous application of the procedural bar rule, Hooper's ineffective assistance of counsel claims must be considered on the merits. To establish ineffective assistance of counsel Hooper must show that "counsel's performance fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that there is a reasonable probability that but for the deficient performance the result of the proceeding would have been different. Id. at 694.
 
 
 10
 Applying this standard to the record we find that Hooper's following ineffective assistance claims fail to satisfy the second prong of the Strickland test: (1) that his counsel failed to move to suppress Hooper's prior convictions on the grounds that more than ten years had elapsed and the State failed to certify his past record as correct; (2) his counsel failed to object to the insufficiency of the indictment and the judge's amendment of the indictment; and (3) his counsel failed to object to his prosecution of breaking and entering, and larceny pursuant to it, as a multiple punishment.
 
 
 11
 A review of the record shows that Hooper's following four ineffective assistance claims are not factually supported: (1) his counsel failed to request a jury instruction on larceny;[2] (2) his counsel failed to move to dismiss the larceny charge at the end of the State's case-in-chief; (3) his counsel failed to introduce evidence of Hooper's physical condition at the time the crimes were committed; and (4) his counsel failed to disclose to Hooper that if he did not accept the plea offer he could get a higher sentence.
 
 
 12
 Hooper's final ineffective assistance claim alleges that his trial attorney, Helen Hinn, had a conflict of interest because she simultaneously represented a potential witness on his behalf, Edward Noble, in a separate proceeding, and advised him not to testify for Hooper.[3] Hinn states in her affidavit that she did not represent Noble or advise him not to testify, while Noble and Sandra Benton, Hooper's sister, filed affidavits directly contradicting Hinn's assertions.
 
 
 13
 To establish that counsel's performance was substandard under Strickland in these circumstances, Hooper must show that there was an actual conflict of interest that had an adverse effect on Hinn's performance. United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991). See also Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980). If Hooper establishes these elements, prejudice is presumed. Tatum, 943 F.2d at 375.
 
 
 14
 We think Hooper has stated a colorable claim on the limited record before us. Accepting, as we must, the affidavits of Noble and Benton as true, see Gray v. Spillman, 925 F.2d 90 (4th Cir. 1991), Hooper has made a showing that Hinn represented Noble and that she advised him not to testify on Hooper's behalf. Consequently, we remand this issue for the district court to conduct further proceedings and make appropriate findings.
 
 IV
 
 15
 In conclusion, we grant a certificate of probable cause to appeal and affirm the district court's rulings on all issues except for the conflict of interest claim. We remand the conflict of interest claim to the district court for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 Section 15A-1419 states, in pertinent part:
 (a) The following are grounds for the denial of a motion for appropriate relief:
 ...
 (3) Upon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so.
 
 
 [2]
 Although his counsel did not request the instruction, the record establishes that the jury received such an instruction
 
 
 [3]
 Noble's affidavit corroborated Hooper's defense at trial