STATE OF NORTH CAROLINA v. CALEB ELIJAH WARDRETT, Defendant

No. COA00-774

(Filed 7 August 2001)

**1. Robbery— armed—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of armed robbery because defendant was identified by three witnesses as the perpetrator of the crime.

**2. Evidence— hearsay—unavailable declarant—statement against interest—trustworthiness**

The trial court did not abuse its discretion in an armed robbery case by excluding the testimony of three witnesses regarding statements allegedly made to them by an unavailable deceased witness regarding the identity of the perpetrator of an attempted armed robbery and murder on the basis that the statements were hearsay that did not fall within the statement against interest exception provided by N.C.G.S. § 8C-1, Rule 804(b)(3), because: (1) it is unclear whether the hearsay statements allegedly made by the unavailable declarant were in fact against his penal interests when the alleged statements indicated that defendant did not kill the victim, but never stated that the unavailable declarant rather than defendant killed the victim; and (2) there were insufficient circumstances to indicate the trustworthiness of the alleged statements.

**3. Robbery— armed—erroneous jury instruction—no prejudicial error**

Although the trial court erred in an armed robbery case by its jury instructions stating the evidence of the armed robbery was admitted for a limited purpose when it was admitted as substantive evidence, defendant has failed to show prejudicial error because: (1) if this instruction had any impact on the jury, it made a conviction on the charge of armed robbery less likely rather than more likely; and (2) an erroneous instruction that is beneficial to defendant does not constitute reversible error.

Appeal by defendant from judgment entered 27 March 2000 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 17 May 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Terry W. Alford, for defendant-appellant.*

HUDSON, Judge.

Defendant was indicted and tried on three charges: (1) the murder of James Holloman in 98 CRS 6784; (2) the attempted armed robbery of James Holloman in 98 CRS 6786; and (3) the armed robbery of Timothy Mitchell in 98 CRS 6785. The evidence presented at trial

tended to establish the following facts. On 24 April 1998, at approximately 10:00 p.m., Timothy Mitchell went to the Starling Way shopping center in a jeep driven by his mother, Faye Mitchell, with his two nephews, ages 5 and 9, in the back seat. As they were leaving the shopping center, Timothy asked Faye to stop the car so that Timothy could speak with two individuals, Marcus Powell and a second man. Timothy indicated to the two individuals that he wanted to purchase drugs, and then Powell remained by the jeep while the second individual walked away toward some dumpsters. The second individual returned to the jeep after a very short time, came up to the passenger window, and pointed a revolver at Timothy's head. Timothy pushed the gun away, and the individual hit him in the face with his other hand, cocked the hammer on the gun and threatened to kill Timothy and the others in the jeep if they didn't hand over their money. Timothy handed over his wallet and the individual ran away.

A short while later, James Holloman, the owner of a store in the same shopping center where Timothy Mitchell was robbed, was accosted by an individual as Holloman stood next to his car. An argument ensued between the two, and Holloman hit the individual. The individual then staggered back a step, pulled out a gun and shot Holloman. Holloman died from the gunshot wound.

At trial, the jury was unable to reach a unanimous verdict on either the murder or the attempted armed robbery charge, and mistrials were therefore declared in 98 CRS 6784 and 98 CRS 6786. However, the jury found defendant guilty of robbery with a dangerous weapon in 98 CRS 6785 pursuant to N.C.G.S. § 14-87 (1999), and judgment was entered against defendant. Defendant appeals from this judgment.

Defendant sets forth six assignments of error in the record on appeal. However, three of these are not raised in defendant's brief and are thus taken as abandoned. See N.C.R. App. P. 28(b)(5). The three remaining assignments of error are set forth in defendant's brief accompanied by three corresponding arguments.

[1] By his first assignment of error, defendant argues that the trial court erred in denying defendant's motion to dismiss as to the charge in 98 CRS 6785. Defendant moved to dismiss all of the charges against him based upon insufficiency of the evidence at the close of all of the evidence. As such, defendant has properly preserved this issue for review on appeal. See N.C.R. App. P. 10(b)(3); State v. Jordan, 321

N.C. 714, 716-17, 365 S.E.2d 617, 619 (1988). The standard of review on appeal from a denial of a motion to dismiss has been described as follows:

> When a defendant moves for dismissal, the trial court is to determine whether there is substantial evidence (a) of each essential element of the offense charged, . . . and (b) of defendant's being the perpetrator of the offense. If so, the motion to dismiss is properly denied.
>
>      . . . The issue of whether the evidence presented constitutes substantial evidence is a question of law for the court. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." The terms "more than a scintilla of evidence" and "substantial evidence" are in reality the same and simply mean that the evidence must be existing and real, not just seeming or imaginary.

*State v. Earnhardt*, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651-52 (1982) (citations omitted). Furthermore, "all evidence favorable to the State is taken as true and conflicts and discrepancies are resolved in favor of the State." *Jordan*, 321 N.C. at 717, 365 S.E.2d at 619. Here, the State presented the testimony of Timothy Mitchell, Faye Mitchell and Marcus Powell, all three of whom identified defendant as the perpetrator of the armed robbery of Timothy Mitchell. Although there was conflicting evidence presented by defendant as to whether defendant committed the crime, the testimony of Timothy, Faye and Powell must be taken as true for purposes of defendant's motion to dismiss. We believe this testimony was sufficient to withstand defendant's motion to dismiss, and therefore find no error in the trial court's denial of the motion. This assignment of error is overruled.

[2] In his second argument defendant contends the trial court erred in excluding the testimony of three particular individuals regarding statements allegedly made to them by Cornell Fields regarding the identity of the perpetrator of the attempted armed robbery and murder of Holloman. At trial, defendant first sought to admit the testimony of Sharice Pitts. Pitts testified on *voir dire* that she has known defendant almost her entire life. Pitts testified that she has known Cornell Fields for five or six years. Pitts found out that defendant had been charged with the murder of Holloman in April of 1998, and thereafter spoke with Fields. According to Pitts, although Fields never directly stated that he had killed Holloman, Fields told Pitts that he knew defendant had not killed Holloman, and that Fields

STATE v. WARDRETT

[145 N.C. App. 409 (2001)]

knew where the murder weapon was located and that the police would never find it.

Defendant also sought to admit the testimony of a second individual, Patricia Arlese Hines. Hines testified on *voir dire* that she lives with Pitts and has known defendant for four years. She testified that she found out defendant had been charged with the murder of Holloman a few days after the incident. She testified that she has also known Fields for about four years, and that she spoke to Fields after defendant had been charged and that Fields told her that defendant had not killed Holloman.

Defendant also sought to admit the testimony of a third individual, Curtis Farmer. Farmer testified on *voir dire* that he had known Fields for about eight years, but that Fields was now deceased. He testified that he had spoken to Fields while they were both in prison after Holloman had been killed, at which time Fields was being held in prison for "safe keeping" on a separate murder charge. Farmer testified that Fields told him that defendant had not killed Holloman, and that Fields described the following details to him regarding the night Holloman was killed: Fields tried to rob Holloman, Holloman was reluctant to give Fields his money, they "tussled," and then the gun Fields was holding went off and shot Holloman. Farmer also testified that he does not know Pitts or Hines and has never spoken with them.

Following the *voir dire* testimony, defendant offered Fields' death certificate as evidence. The trial court then found as fact that Fields was dead at the time of the trial. However, the trial court excluded the testimony of the three witnesses on the grounds that the statements were hearsay and did not fall within the exceptions provided by N.C.R. Evid. 804(b)(3) or 804(b)(5) because there were insufficient circumstances to indicate the trustworthiness of the alleged statements. On appeal, defendant argues that the testimony offered by Pitts, Hines and Farmer, taken together, established sufficient corroborating circumstances to indicate the trustworthiness of the alleged statements by Fields and that the testimony should have been admitted pursuant to Rule 804(b)(3). The State argues that the trial court properly excluded the testimony, and that even if the trial court erred in excluding the testimony, defendant has failed to show that this error prejudiced the result in defendant's armed robbery conviction. We agree with the State that the testimony was properly excluded by the trial court.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C.R. Evid. 801(c). In general, hearsay evidence is not admissible. *State v. Wilson*, 322 N.C. 117, 131-32, 367 S.E.2d 589, 598 (1988). However, an out-of-court statement by an unavailable witness may be admissible if the statement satisfies the definition of a "statement against interest," which is defined by Rule 804(b)(3) as

> [a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible in a criminal case unless corroborating circumstances clearly indicate the trustworthiness of the statement.

N.C.R. Evid. 804(b)(3). Our Supreme Court has held that Rule 804(b)(3) requires a two-pronged analysis. *Wilson*, 322 N.C. at 134, 367 S.E.2d at 599. First, the statement must be "deemed to be against the declarant's penal interest." *Id.* Second, "the trial judge must be satisfied that corroborating circumstances clearly indicate the trustworthiness of the statement if it exposes the declarant to criminal liability." *Id.*

Here, we first note that it is not clear that the hearsay statements allegedly made by Fields and offered by witnesses Pitts and Hines were, in fact, against Fields' penal interest. In those alleged statements, Fields indicated that defendant did not kill Holloman, but never stated that he, rather than defendant, had killed Holloman. Furthermore, it is not clear that the statement allegedly made by Fields to Farmer, although arguably against Fields' penal interest in a general sense, "at the time of its making, . . . so far tended to subject [the declarant] to civil or criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true." N.C.R. Evid. 804(b)(3). For example, Fields, who was already in custody for a murder charge at the time he allegedly made the statement, could have made the statement, knowing it to be false, in order to enhance his reputation with other inmates. Regardless, we find no error in the exclusion of the statements offered by the three witnesses because we believe the trial court did not abuse its discretion in ruling that the statements failed to satisfy the second prong of the Rule 804(b)(3) analysis.

As stated above, the second prong of the analysis requires that *"the trial judge must be satisfied that* corroborating circumstances clearly indicate the trustworthiness of the statement if it exposes the declarant to criminal liability." *Wilson*, 322 N.C. at 134, 367 S.E.2d at 599 (emphasis added). The determination of whether the trustworthiness of the statement is indicated by corroborating circumstances is a preliminary matter to be decided by the trial judge. *See State v. Brown*, 335 N.C. 477, 484, 439 S.E.2d 589, 594 (1994) (citing N.C.R. Evid. 104). "[A]s with other exceptions to the hearsay exclusionary rule[,] the trial judge (on *voir dire*) must apply a threshold test to determine in his sound discretion whether the declaration bears the indicia of trustworthiness." *State v. Haywood*, 295 N.C. 709, 728, 249 S.E.2d 429, 441 (1978) (internal quotation marks omitted); *see State v. Singleton*, 85 N.C. App. 123, 129, 354 S.E.2d 259, 263 (1987) (stating that, although *State v. Haywood* was decided prior to the enactment of Rule 804(b)(3), most, if not all, of the analysis pertaining to "statements against penal interest" in *Haywood* will carry over under Rule 804(b)(3)), *disc. review denied*, 320 N.C. 516, 358 S.E.2d 530 (1987). The Court in *Haywood* further explained that

[i]n every case the precise application of the standards of reliability must be left to the discretion of the trial judge who, on *voir dire*, will weigh all the evidence and thereafter admit the declaration only if he determines there is a reasonable possibility that the declarant did indeed commit the crime. It was pointed out in [*Pitts v. State*, 307 So. 2d 473 (Fla. Dist. Ct. App.), *cert. denied*, 423 U.S. 918, 46 L. Ed. 2d 273 (1975)], that "it would be imperative that broad discretion be afforded the trial judge in determining the reliability of the declaration and the declarant by consideration of such factors as spontaneity, relationship between the accused and the declarant, existence of corroborative evidence, whether or not the declaration had been subsequently repudiated and whether or not the declaration was in fact against the *penal interests* of the declarant."

*Haywood*, 295 N.C. at 729, 249 S.E.2d at 441-42.

Here, the following factors clearly undermined the trustworthiness of the alleged statements by Fields. First, Pitts testified that she has known defendant for almost her entire life. Hines testified that she lives with Pitts and has also known defendant for a number of years. Although both Pitts and Hines testified that they had known Fields for a number of years, the fact that Fields was deceased at the

time of trial means that Pitts and Hines were free to implicate Fields in the crime without fear that their testimony would negatively impact Fields. Second, neither Pitts nor Hines testified that Fields stated that he had committed the murder, but only that he believed defendant had not committed the murder. Third, elements of Farmer's testimony on *voir dire* tended to undermine his credibility as a witness. For example, when asked what crime he had committed for which he was imprisoned at the time Fields allegedly made the statement to him, Farmer stated, "I can't remember." When asked when the alleged statement had been made, Farmer stated, "I can't remember."

Moreover, we are unable to find, and defendant's brief fails to set forth, any other independent evidence offered at trial, aside from the excluded testimony in question, establishing corroborating circumstances which would clearly indicate the trustworthiness of the statements. Contrary to defendant's argument, the fact that there are multiple hearsay statements does not indicate the trustworthiness of any one of the individual statements. *See State v. Artis*, 325 N.C. 278, 305-06, 384 S.E.2d 470, 485 (1989), *sentence vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990). "Such bootstrapping does not provide an adequate guarantee of the trustworthiness of [any one of the individual pieces] of evidence." *Id.* at 305, 384 S.E.2d at 485. Rather, there must be "some other independent, nonhearsay indication of the trustworthiness" of the evidence sought to be admitted. *Id.* at 305-06, 384 S.E.2d at 485. Under these circumstances, we believe the trial court did not abuse its discretion in excluding the hearsay statements under Rule 804(b)(3). This assignment of error is overruled.

**[3]** Defendant's third and final argument relates to the jury instructions given by the trial court. The trial court charged the jury, in part, as follows:

Evidence has been received tending to show that at an earlier time on the evening of April 24, 1998, the defendant had committed the offense of robbery with a dangerous weapon wherein Timothy Mitchell was the alleged victim. This evidence was received solely for the purpose of showing: the identity of the person who committed the crime charged in this case, if it was committed; that the defendant had a motive for the commission of the crime charged in this case; that the defendant had the intent which is a necessary element of the crime charged in this

case; that there existed in the mind of the defendant a plan, scheme, system, or design involving the crime charged in this case. If you believe this evidence you may consider it, but only for the limited purpose for which it was received.

Defendant contends, and the State concedes, that this instruction to the jury constituted error on the part of the trial court because the evidence of the armed robbery of Timothy Mitchell was not admitted for a limited purpose. Rather, the evidence was admitted as substantive evidence in order to prove that defendant committed the armed robbery of Timothy Mitchell, one of the three offenses charged at trial. However, the State contends that defendant has failed to show that this error prejudiced him. We agree.

In order to show prejudice, a defendant alleging error at trial must show that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a) (1999). It is fundamental that the purpose of the jury charge is to provide clear instructions regarding how the law should be applied to the evidence, in such a manner as to assist the jury in understanding the case and in reaching a verdict. *See State v. Higginbottom*, 312 N.C. 760, 764-65, 324 S.E.2d 834, 838 (1985). Clearly the jury charge in this case had the potential to be confusing to the jurors. However, we believe the error does not require a new trial. The instruction charged the jury to use the evidence regarding the armed robbery of Timothy *only* for the limited purpose of showing identity, motive, intent, plan, scheme, system or design with regard to the Holloman charges, and not as substantive evidence that defendant committed the armed robbery of Timothy. If this instruction had any impact on the jury, we can only conceive that it made a conviction on the charge of armed robbery *less* likely rather than more likely. An erroneous instruction that is beneficial to the defendant does not constitute reversible error. *See, e.g., State v. Hageman*, 56 N.C. App. 274, 284, 289 S.E.2d 89, 95, *aff'd*, 307 N.C. 1, 296 S.E.2d 433 (1982). Moreover, had the jury followed this erroneous instruction literally, the jury could not have used any evidence of the armed robbery of Timothy as substantive evidence to convict on that charge; thus, the very fact that the jury did convict on that charge belies the suggestion that the erroneous instruction had any impact on the jury's verdict. This assignment of error is overruled.

For the reasons stated herein, we find no prejudicial error.

No error.

Judges MARTIN and HUNTER concur.