STATE OF NORTH CAROLINA v. JAMES MILLER GOODE, JR.

No. 128

(Filed 15 July 1980)

**Criminal Law §§ 103, 175.2— denial of recess to decide whether to present evidence—abuse of discretion**

The trial judge abused his discretion to the prejudice of defendant when, at the close of the State's evidence, he denied unnamed motions in the presence of the jury before they were made and then immediately denied defense counsel's request for a recess to confer with defendant as to whether defendant should take the witness stand or otherwise offer evidence.

ON defendant's petition for discretionary review of a decision of the Court of Appeals, 44 N.C. App. 498, 261 S.E. 2d 212 (1980), upholding judgments of *Bailey, J.*, entered 8 March 1979 in WAKE Superior Court.

Defendant was tried upon a two-count bill of indictment charging (1) felonious breaking and entering Swain's Charcoal Steak House in Raleigh and (2) felonious larceny of wine having a value of $108.00. He was convicted by a jury on both counts and

given a sentence of eight to ten years on each count, to run consecutively.

The State's evidence tends to show that at about 3:40 a.m. on 17 January 1979, the alarm was activated inside Swain's Charcoal Steak House. The company monitoring the alarm system notified the police and the manager of the steak house. In response to a call, Officer Holloway went to the steak house and saw a man, whom he later identified as defendant, emerge from the front door and run into the woods. The officer chased the man into a surrounding wooded area where he lost sight of him, although he could still hear footsteps during most, although not all, of the time in which he pursued him. Guided by the sound of footsteps, Officer Holloway followed the man until he entered Crabtree Creek. Then the officer heard nothing for three or four minutes, at the expiration of which the officer had reached a clearing on Milburnie Road. When the officer came out of the woods at that point, he saw Officer Weingarten's vehicle on the side of the road. Weingarten said: "I have the person who just came out of the woods." He turned on the interior light, and Officer Holloway noticed that the man was the same person Holloway had seen leaving Swain's Steak House and entering the woods. Officer Weingarten testified that he saw defendant emerge from the woods, arrested him, and seized some keys from defendant which fit the door lock of an automobile parked in the vicinity of the steak house.

Other matters necessary to an understanding of the assignments of error discussed will be narrated in the opinion.

*Rufus L. Edmisten, Attorney General; Lucien Capone, III, Associate Attorney; Thomas F. Moffitt, Special Deputy Attorney General, for the State.*

*Loflin, Loflin & Acker by Thomas F. Loflin III and James R. Acker, attorneys for defendant appellant.*

HUSKINS, Justice.

We neither reach nor decide any of the constitutional questions raised on this appeal. In his brief filed in this Court, defendant presents five assignments of error. We find it necessary to discuss only one of them, to wit: Did the Court of Appeals err in

concluding that the trial judge did not abuse his discretion when, at the close of the State's evidence, he denied defense counsel's request for a recess to confer with his client as to whether defendant should take the witness stand or otherwise offer evidence?

The record reveals that when the State rested its case, the following colloquy took place:

> COURT: Will there be evidence for the defense?
>
> MR. RATLIFF: Your Honor, we have motions first, and then we—
>
> COURT: They are denied. Will there be evidence for the defense?
>
> MR. RATLIFF: Your Honor, we ask for a short recess.
>
> COURT: Sir.
>
> MR. RATLIFF: We ask for a recess.
>
> COURT: Will there be evidence for the defense? Answer my question and I will answer yours.
>
> MR. RATLIFF: Your Honor, I need to make that decision during recess, Your Honor.
>
> COURT: Proceed.
>
> MR. RATLIFF: The defendant's counsel offers no evidence, Your Honor.
>
> COURT: The defendant will have the opening and the closing.
>
> MR. GOODE: No. I'd like to testify in my behalf.
>
> COURT: You said that he was offering no evidence.
>
> MR. RATLIFF: That was my statement, Your Honor.
>
> COURT: Well, then, have him sit down.
>
> MR. GOODE: I want to testify in my own behalf.
>
> COURT: Ladies and gentlemen, I will let you go out of the room.

(JURY RETIRES TO JURY ROOM.)

> COURT: Mr. Goode, your lawyer has indicated that the defendant—that's you—does not intend to offer evidence. Is that—do you agree with that—
>
> MR. GOODE: No, I don't.
>
> COURT: —statement? Do you understand that you have the right to testify in your own behalf if you want to?
>
> MR. GOODE: Yes, I do.

COURT: Do you understand that your lawyer is apparently advising you that you should not testify?
MR. GOODE: Yes, I do.
COURT: Huh?
MR. GOODE: Yes, I do.
COURT: You understand that?
MR. GOODE: Yes, sir, I do.

COURT: You understand that if you do take the stand and testify in your own behalf, the State will have the right and will exercise that right to cross examine you on all details concerning this occurrence and also on your criminal record?
MR. GOODE: Yes, sir, I do.

COURT: Do you understand that you will be taking the stand against the advice of your counsel?
MR. GOODE: Yes, I do.

COURT: All right, bring the jury back and you may take the stand. You will be sworn and you will be subject to examination by Mr. Ratliff and cross examination by Mr. Dombalis.

MR. RATLIFF: Your Honor, ask the Court's guidance. I don't intend to ask any questions.
COURT: Well, I'm not going to try the case, Mr. Ratliff.
MR. RATLIFF: All right.
COURT: Bring the jury back.

(JURY RETURNS TO JURY BOX.)

We now consider whether the quoted colloquy amounted to an abuse of discretion resulting in prejudice to defendant.

Matters relating to the actual conduct of a criminal trial are left largely to the sound discretion of the trial judge so long as defendant's rights are scrupulously afforded him. *State v. Perry*, 277 N.C. 174, 176 S.E. 2d 729 (1970). Thus, a trial court is given wide latitude, and rightly so, in making decisions affecting a variety of procedural matters which arise during the course of a trial. However, such discretion is not unlimited and, when abused, is subject to review. When a defendant seeks to establish on appeal that the exercise of such discretion is reversible error, he must show harmful prejudice as well as clear abuse of discretion.

*State v. Young,* 287 N.C. 377, 214 S.E. 2d 763 (1975); *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617 (1968).

It is generally recognized, by Bench and Bar alike, that the decision whether a defendant in a criminal case will present evidence or will testify in his own behalf is a matter of paramount importance. Such matters can and should be discussed generally prior to trial, but the actual decision cannot intelligently be made until the close of the State's evidence.

Here, counsel made it perfectly clear that the recess was needed to discuss and decide whether defendant would offer evidence. Although the rules of criminal procedure have not dealt directly with this question, such recesses at the close of the State's evidence are deeply ingrained in the course and practice of our courts and, when requested, have been granted as a matter of course so long that "the memory of man runneth not to the contrary." The recess enables defendant and his counsel to evaluate their position. If the evidence offered by the State has made a strong case against defendant, he may decide to "throw in the towel" and tender a plea. If the State's case is weak, he may decide to rest and rely on that weakness for a verdict of acquittal. If defendant has a strong defense and credible witnesses, he may well decide to offer his evidence regardless of the strength of the State's case. For reasons entirely obscure, the defendant in this case and his counsel had no opportunity to weigh these important matters together and reach a considered judgment.

No defendant is *automatically* entitled to a recess at the close of the State's evidence because such motion is addressed to the sound discretion of the trial court. Even so, where, as here, the trial judge in the presence of the jury denies unnamed motions before they are made, and then immediately denies defense counsel's request for a short recess to decide whether defendant would offer evidence, a clear abuse of discretion prejudicial to defendant's cause is established. This requires a new trial.

We deem it unnecessary to discuss the remaining assignments. The trial court's question about "pulling defendant for speeding" was spoken in levity and was entirely harmless. His observations during the charge to the jury concerning the identity of the man Officer Weingarten had in custody are more serious but not likely to recur on retrial.

For the reasons stated, the decision of the Court of Appeals is reversed and the case remanded to Wake Superior Court for retrial according to law.

New trial.