STATE OF NORTH CAROLINA v. DONNIE MICHAEL JORDAN

No. 384A87

(Filed 9 March 1988)

**1. Rape and Allied Offenses § 5— first degree sexual offense—sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of a first degree sexual offense where the victim testified without contradiction that defendant held a knife against her throat and forced her to perform fellatio on him; the car described by the victim as belonging to her assailant was the car owned by defendant at the time of the offense; the victim's description of her assailant substantially matched that of defendant; and most of the victim's testimony was substantially corroborated by other witnesses. Evidence that the victim waited for some months before reporting defendant's identity to the authorities after she observed his automobile license number, that she was unable to recognize defendant during a later hitchhiking incident until after she was inside defendant's car, and that she gave conflicting statements of events occurring prior to the sexual assault goes only to the issues of credibility and weight to be given to the evidence and does not show that the State's evidence is inherently incredible.

**2. Rape and Allied Offenses § 6.1— first degree sexual offense—refusal to instruct on crime against nature**

The trial court in a first degree sexual offense case did not err in refusing to instruct the jury on crime against nature as a lesser included offense since (1) crime against nature is not a lesser included offense of a sexual offense in the first or second degree, and (2) there was no evidence from which the jury could have found that the victim consented to the sexual act so as to support an instruction on crime against nature.

APPEAL of right by defendant, pursuant to N.C.G.S. § 7A-27(a), from a judgment imposing a sentence of life imprisonment entered by *Griffin, J.,* at the 16 February 1987 Criminal Session of Superior Court, NEW HANOVER County, upon a jury verdict of guilty of first degree sexual offense. Heard in the Supreme Court 8 February 1988.

*Lacy H. Thornburg, Attorney General, by Marilyn R. Mudge, Assistant Attorney General, for the State.*

*James W. Lea, III, for defendant-appellant.*

FRYE, Justice.

Defendant contends on this appeal that the evidence was insufficient to support the verdict and that the trial court erred in

failing to instruct the jury that crime against nature is a lesser included offense of first degree sexual offense. We find no error.

Defendant was indicted on 15 September 1986 for first degree sexual offense of a female. He was tried at the 16 February 1987 Criminal Session of Superior Court, New Hanover County.

At trial, the victim testified that on 27 November 1982 her car broke down in front of a convenience store in Wilmington, North Carolina. Subsequently, she accepted a ride with defendant after he offered to drive her to Carolina Beach, North Carolina, where the victim worked. However, upon arriving in Carolina Beach, defendant refused the victim's requests to let her out of the car. The victim testified further that defendant then drove to a secluded area at Fort Fisher, North Carolina, stopped the car, got out, and proceeded to urinate. While defendant was outside the car, the victim attempted to escape but was unable to do so because the door on the passenger's side could be opened only from the outside. Upon returning to the car, defendant reached around the victim, grabbed a knife, held the knife to the victim's throat, and ordered her to disrobe. Defendant then forced the victim to perform fellatio on him. Shortly thereafter, defendant drove the victim back to Carolina Beach to an area a few blocks from her place of employment. Defendant got out of the car, went to the passenger's side, and opened the door. After the victim got out of the car, defendant backed the car up and drove away. Upon her arrival at work, the victim contacted the police and reported the incident.

Approximately three months later, the victim saw defendant when he picked up a friend of the victim's who was hitchhiking to Wilmington. After the victim got into defendant's car with her friend, she recognized defendant as being the man who had sexually assaulted her. The victim testified that she remained quiet while in defendant's car out of fear for her and her friend's safety. However, after departing from the car, as defendant was driving away, the victim mentally recorded defendant's license plate number. The victim then attempted to contact the police officer investigating the sexual offense incident, but was unable to do so.

The victim next saw defendant on 6 June 1986, when he entered her place of employment. Upon seeing the victim, defend-

ant left the establishment. The victim then contacted the police, described defendant to them, and at this point gave the police defendant's license plate number. Defendant was subsequently arrested on 28 June 1986 and charged with one count of first degree sexual offense.

Also testifying at trial was the police officer who originally investigated the incident. Officer Hines testified that the victim told him that on the night of the incident she had been hitchhiking when defendant stopped and offered her a ride. The officer testified further that the victim told him that, prior to the sexual assault, she and defendant stopped for a couple of drinks and stopped also to get some gas.

Further evidence at trial showed that on the date of the offense defendant owned a car, fitting the description given by the victim. Subsequent owners of the car stated, in an affidavit, that upon purchasing the car the door on the passenger's side could be opened only from the outside.

Aside from the discrepancy in relating the events preceding the sexual assault, the victim's initial report to the police substantially corresponded to her later pretrial statement and to her testimony at trial. During her testimony at trial, however, the victim denied telling Officer Hines that she had been hitchhiking on the night in question, and, in fact, stated that she never gave a statement to this officer. The jury found defendant guilty of first degree sexual offense pursuant to N.C.G.S. § 14-27.4(a)(2)a.

[1] Defendant contends first that the evidence was insufficient to support the verdict of first degree sexual offense. He argues that the particular facts of this case show that the evidence is inherently incredible, thus a reasonable jury would not have found that the offense occurred as claimed by the victim.

At the outset, we note that defendant did not make a motion to dismiss for insufficiency of the evidence pursuant to N.C.G.S. § 15A-1227 nor did he make a motion for nonsuit pursuant to N.C.G.S. § 15-173. Although N.C.G.S. § 15A-1446(d)(5) allows a defendant to appeal on insufficiency of evidence grounds, notwithstanding the fact that no objection, exception or motion was made at trial, this Court has held that this statute is negated by N.C.R. App. P. 10(b)(3), which states that a defendant "may not assign as

error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action, or for judgment as in case of nonsuit at trial." *See State v. Stocks*, 319 N.C. 437, 355 S.E. 2d 492 (1987). However, as in *Stocks*, we have reviewed the evidence in our discretion, and we conclude that it sufficed to take the case to the jury and to support the jury verdict.

Evidence is sufficient to support a conviction if there is substantial evidence of every element of the crime. *State v. Bates*, 309 N.C. 528, 308 S.E. 2d 258 (1983). Substantial evidence "must be existing and real," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Erwin*, 304 N.C. 93, 98, 282 S.E. 2d 439, 443 (1981). To defeat a motion to dismiss on insufficiency of the evidence, there must be substantial evidence to establish each essential element of the crime charged and that defendant was the perpetrator of the crime. *State v. Young*, 312 N.C. 669, 325 S.E. 2d 181 (1985). For this purpose, all evidence favorable to the State is taken as true and conflicts and discrepancies are resolved in favor of the State. *See State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982).

The crux of defendant's argument concerns what defendant contends is the implausibility of the victim's testimony. Defendant contends the victim's testimony was unreliable because she waited an inordinate amount of time before reporting defendant's identity to the authorities after she observed his automobile license number; she was unable to recognize defendant during the hitchhiking incident until after she was inside defendant's car; and she gave conflicting statements of events occurring prior to the sexual assault.

What defendant argues as the basis for insufficient evidence in fact goes to the issues of credibility and weight to be given to the evidence. These are matters solely within the province of the jury. *State v. Orr*, 260 N.C. 177, 132 S.E. 2d 334 (1963). Only when the testimony is inherently incredible will this Court find the evidence insufficient to support a jury verdict. *State v. Miller*, 270 N.C. 726, 154 S.E. 2d 902 (1967) (insufficient evidence when sole identity made by eyewitness, standing 263 feet from defendant, who was a stranger to eyewitness). In the present case we do not find the victim's testimony inherently incredible.

We must determine, therefore, whether there is sufficient evidence to establish each essential element of the offense charged and defendant's identity as the perpetrator. *State v. Young,* 312 N.C. 669, 325 S.E. 2d 181. Here, to support the conviction for first degree sexual offense, the State must prove that defendant engaged in a sexual act with the victim, by force and against the will of the victim, during which a dangerous weapon was employed or displayed. N.C.G.S. § 14-27.4(a)(2)a (1986).

In the present case, the victim testified, without contradiction, that defendant held a knife against her throat and forced her to perform fellatio on him. While defendant argues that the sole evidence was the victim's testimony and contends that this was insufficient in light of the fact that the victim showed no physical injury, the record reveals otherwise: The car described by the victim as belonging to her assailant was the same car owned by defendant at the time of the offense; the victim's description of her assailant substantially matched that of defendant; and most of the victim's testimony was substantially corroborated by other witnesses. Under these circumstances, we hold that there was sufficient evidence to support the jury finding that defendant was guilty of first degree sexual offense. *See State v. Griffin,* 319 N.C. 429, 355 S.E. 2d 474 (1987).

[2] Defendant next contends that the trial court erred in its refusal to instruct the jury that the offense of crime against nature is a lesser included offense of first degree sexual offense. We disagree. Crime against nature is not a lesser included offense of a sexual offense in the first or second degree. *See State v. Warren,* 309 N.C. 224, 306 S.E. 2d 446 (1983).

In *State v. Weaver,* 306 N.C. 629, 635, 295 S.E. 2d 375, 378 (1982), we held that the determination of when a lesser offense is encompassed in the greater offense is "made on a *definitional,* not a factual basis." Defendant asks this Court to abandon the definitional approach and, instead, look at the evidence in each case to determine whether a lesser offense is encompassed in the greater offense. Were this approach adopted, contends defendant, the evidence in the present case would support the charge of the lesser offense of crime against nature.

Even if we were to abandon the definitional approach, as urged by defendant, it would not help him in this case. A trial

court has no duty to instruct on a lesser offense when there is no evidence "from which the jury could reasonably find that the defendant committed the lesser offense." *State v. Bagley*, 321 N.C. 201, 210, 362 S.E. 2d 244, 249 (1987). Here, all the evidence tended to show that defendant committed the sexual act on the victim by force and against her will. Although defendant argues that the jury could have believed that the sexual act was committed but with the consent of the victim, the mere possibility that the jury might believe part but not all of a victim's testimony is insufficient to require an instruction on a lesser included offense. *State v. Kennedy*, 320 N.C. 20, 357 S.E. 2d 359 (1987). There was no evidence from which the jury could have found that the victim consented to the sexual act, therefore, the trial court did not err in refusing to submit a crime against nature charge to the jury.

In addition to the brief and oral argument submitted on defendant's behalf by his attorney, defendant filed a *pro se* supplemental brief in which he alleges ineffective assistance of counsel at trial and on appeal. We do not address the issues raised in this supplemental brief, since defendant's ineffective assistance of counsel claims are not developed on the record and are more properly addressed by a Motion for Appropriate Relief.

We find no error in defendant's trial.

No error.