STATE OF NORTH CAROLINA v. GARY ANTHONY WILLIAMS

No. COA04-1734

(Filed 7 February 2006)

**1. Criminal Law— length of time of recess—abuse of discretion standard**

    The trial court did not abuse its discretion by refusing to allow defendant a recess of more than five minutes to decide whether to present evidence in his trial for first-degree murder,

because: (1) the trial court is in a much better position to make the decision to grant a recess and the length of that recess instead of an appellate court reviewing a written transcript since the trial court is able to observe the parties and their counsel, and observe their interactions; (2) none of the factors constituting prejudice cited in *State v. Goode*, 300 N.C. 726 (1980), were present in this case; and (3) assuming arguendo that the trial court abused its discretion by refusing to grant defendant fifteen rather than five minutes for a recess, defendant failed to show he was prejudiced.

**2. Evidence— police-taped telephone conversation—admission of party opponent—consistency with trial testimony**

The trial court did not err in a first-degree murder and discharging a weapon into occupied property case by allowing a witness to testify regarding a police-taped telephone conversation with defendant following the shooting, because: (1) the witness's recollection of her telephone conversation with defendant was admissible under N.C.G.S. § 8C-1, Rule 801 as an admission by a party opponent; (2) the jury also listened to the audiotape of the conversation between defendant and the witness; (3) any inaccuracies or discrepancies between the audiotape and the witness's testimony go to issues of credibility and the weight to be given to the evidence which are matters solely within the province of the jury; and (4) while the witness's testimony was not verbatim identical to the language of the taped conversation, the import of the witness's testimony was consistent with the transcript of the audiotape.

**3. Firearms and Other Weapons— discharging firearm into occupied property—knowledge—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of discharging a firearm into occupied property even though defendant contends there was insufficient evidence that he knew or should have known the property was occupied at the time he discharged his weapon, because: (1) reasonable grounds to believe that a building might be occupied can be found where a defendant has shot into a residence during the evening hours as homeowners are most often at home during these hours; and (2) defendant fired shots at the victim who was standing on a lighted front porch of an apartment building near a baby carriage shortly after 3:00 a.m., and a witness testified that she spoke with defendant in the car rather than inside the apartment since her family was asleep in there and it was late.

STATE v. WILLIAMS

[175 N.C. App. 640 (2006)]

**4. Homicide— first-degree murder—failure to instruct on lesser-included offense—voluntary manslaughter—imperfect self-defense**

The trial court did not err in a first-degree murder case when it refused to instruct the jury on the lesser-included offense of voluntary manslaughter based on the theory of imperfect self-defense, because a trial court does not commit prejudicial error in failing to give a voluntary manslaughter instruction when a jury rejects a verdict of guilty of second-degree murder and instead finds defendant guilty of first-degree murder.

**5. Appeal and Error— preservation of issues—failure to argue**

The assignments of error that defendant failed to argue in his brief are deemed abandoned under N.C. R. App. P. 28(b)(6).

Judge HUNTER concurring in part and dissenting in part.

Appeal by defendant from judgments entered 30 June 2004 by Judge Ernest B. Fullwood in Wayne County Superior Court. Heard in the Court of Appeals 24 August 2005.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Francis W. Crawley, for the State.*

*Massengale & Ozer, by Marilyn G. Ozer, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Gary Anthony Williams, appeals his convictions for first-degree murder and discharging a weapon into occupied property. For the reasons discussed herein, we find no prejudicial error.

The State presented evidence at trial tending to show defendant shot and killed the victim, Juhan Davis (Davis), during the early morning hours of 23 February 2003. Defendant and Davis had been involved in an altercation several hours earlier when Davis discovered his girlfriend, Joyce Banks (Banks), and defendant sitting and talking in a parked car together. The two men argued and defendant drove off in his vehicle. Davis and Banks continued to argue on the lighted front porch of her apartment building. At the time, Banks' minor son and four other children were asleep inside the apartment. Banks' brother, who also lived at the apartment, came outside and ordered Davis to leave. While the three were on the porch, defendant

walked to his vehicle, retrieved a pistol, and immediately began firing at Davis until his pistol was empty. He then returned to his vehicle and drove away. Davis subsequently died of multiple gunshot wounds. Police evidence technicians collected nine spent shell casings, bullets, and bullet fragments from the street, front yard, porch, and inside the apartment. One of the bullets fired by defendant entered an apartment window, ricocheted across the living room, and lodged in the apartment wall. Bullet fragments were also found in a baby carriage located near the front porch.

Defendant's trial began on the morning of 28 June 2004. The State rested its case shortly after four o'clock on the afternoon of 29 June 2004 and the trial court immediately excused the jury from the courtroom at 4:08 p.m. Defendant moved to dismiss the charges without argument. The trial court immediately denied this motion. Defendant's attorney then requested that court be recessed for the day so that he could consult with defendant concerning whether he would present evidence. Defense counsel advised the court: "We have talked about this, family has talked about this but couldn't make a decision until we heard everything." The trial judge told counsel he would give him five minutes. Defense counsel requested fifteen minutes, but the trial court denied the request. The judge took recess until 4:20 p.m., after which defense counsel informed the court that defendant was not going to present any evidence. The court then conducted the jury charge conference and recessed court until the following morning. When court resumed the next morning, defendant did not move the court to be allowed to present evidence. At no time did defendant advise the trial court of a specific reason why he needed a certain amount of time to decide whether or not to present evidence.

The jury found defendant guilty of first-degree murder and discharging a weapon into occupied property. The trial court sentenced defendant to life imprisonment without parole, and to twenty-nine to forty-four months imprisonment for discharging a weapon into occupied property. Defendant appeals.

[1] In his first argument, defendant contends the trial court erred in refusing to allow him more than five minutes to decide whether to present evidence in his trial for first-degree murder. We disagree.

A trial court is afforded wide latitude in making decisions which affect various procedural matters arising during the course of a trial, including whether to grant a recess, as well as the length of that

recess, and such decisions are vested within the trial court's sound discretion. *State v. Goode*, 300 N.C. 726, 729-30, 268 S.E.2d 82, 84 (1980). "When a defendant seeks to establish on appeal that the exercise of such discretion is reversible error, he must show harmful prejudice as well as clear abuse of discretion." *Id.* at 729, 268 S.E.2d at 84. The trial court is in a much better position to make the decision to grant a recess and the length of that recess than an appellate court reviewing a cold, written transcript. The trial judge will generally have conferred with counsel about scheduling matters, which is often not reflected in the record. More importantly, the trial judge is able to observe the parties and their counsel, observe their interactions, and determine the appropriateness of granting a recess, as well as the length of that recess. Since an appellate court will only reverse the trial court's ruling on such a matter where there exists a clear abuse of its discretion, defendant in the instant case must show two things in order to prevail on this assignment of error: (1) the trial court abused its discretion in allowing counsel five rather than fifteen minutes to confer with defendant; and (2) defendant was prejudiced by this ruling.

In *Goode,* our Supreme Court held:

> No defendant is *automatically* entitled to a recess at the close of the State's evidence because such motion is addressed to the sound discretion of the trial court. Even so, where, as here, the trial judge in the presence of the jury denies unnamed motions before they are made, and then immediately denies defense counsel's request for a short recess to decide whether defendant would offer evidence, a clear abuse of discretion prejudicial to defendant's cause is established. This requires a new trial.

300 N.C. at 730, 268 S.E.2d at 84. None of the factors cited by the Supreme Court in *Goode* as constituting prejudice are present here. When the State rested its case, the trial judge, without request of counsel, excused the jury from the courtroom. Defendant then made his motion to dismiss, which was denied. Finally, the court did not deny counsel's request for a short recess. It granted the request, albeit for a shorter period of time than defendant requested. Even assuming *arguendo* that the trial judge abused his discretion in refusing to grant defendant fifteen rather than five minutes for a recess, defendant has failed to show he was prejudiced. *State v. Haywood*, 144 N.C. App. 223, 233, 550 S.E.2d 38, 45 (2001). In effect, both defendant and the dissent would have this Court to hold that granting a shorter

recess in this case than defendant requested was *per se* prejudicial to defendant. Such a holding is contrary to the law of this state. *See id; Goode*, 300 N.C. at 730, 268 S.E.2d at 84. This argument is without merit.

**[2]** In his second argument, defendant contends the trial court erred in allowing Banks to testify regarding a police-taped telephone conversation with defendant following the shooting. Defendant contends Banks' testimony regarding the conversation was inaccurate and highly prejudicial. We disagree.

Banks testified, in part, to the telephone conversation with defendant as follows: "[Banks]: And so then I asked him, I said, '[w]hy did you shoot [Davis]?' He said, 'I didn't know if he had a gun. I didn't know if he had a gun.' " The transcript of the taped conversation between Banks and defendant reads, in part, as follows:

Banks:      Hey look man, why you, why you come back and do that to [Davis] like that, man?

[Defendant]: Huh?

Banks:      Why you come back and do that to [Davis] like that?

[Defendant]: Uum.

Banks:      Hey man, that was f----- up.

[Defendant]: Hum?

Banks:      That was f----- up what you did, man.

[Defendant]: I'm saying I thought [he] was [going to] shoot me.

Banks:      He didn't have no gun on him though.

[Defendant]: I didn't know that.

Defendant contends Banks' question to him, "[w]hy you come back and do that to [Davis] like that?" in the transcript of the taped conversation differs substantially from her testimony at trial, which was "[a]nd so then I asked him, I said, '[w]hy did you shoot [Davis]?' " Defendant argues this inaccuracy rendered Banks' testimony inadmissible hearsay. We disagree.

Banks' recollection of her telephone conversation with defendant was admissible under Rule 801 of the North Carolina Rules of Evidence as an admission by a party-opponent. N.C. Gen. Stat.

§ 8C-1, Rule 801(d) (2005); *State v. White*, 340 N.C. 264, 285, 457 S.E.2d 841, 853 (1995). The jury also listened to the audio tape of the conversation between defendant and Banks. Any inaccuracies or discrepancies between the audio tape and Banks' testimony go to issues of credibility and the weight to be given to the evidence. "These are matters solely within the province of the jury." *State v. Jordan*, 321 N.C. 714, 717, 365 S.E.2d 617, 619 (1988). Moreover, while Banks' testimony was not verbatim identical to the language of the taped conversation, the import of Banks' testimony was consistent with the transcript of the audio tape. This argument is without merit.

[3] Defendant next argues the trial court erred in denying his motion to dismiss the charge of discharging a firearm into occupied property. He contends the State presented insufficient evidence that he knew or should have known the property was occupied at the time he discharged his weapon. We disagree.

Defendant's motion to dismiss requires the trial court to consider all the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from the evidence. *State v. Stewart*, 292 N.C. 219, 223-24, 232 S.E.2d 443, 447 (1977). "[T]he question is whether there is substantial evidence—direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the accused committed it." *Id.* at 224, 232 S.E.2d at 447.

A person is guilty of discharging a firearm into occupied property if he "intentionally, without legal justification or excuse, discharges a firearm into an occupied building with the knowledge that the building is occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons." *State v. James*, 342 N.C. 589, 596, 466 S.E.2d 710, 715 (1996); N.C. Gen. Stat. § 14-34.1 (2005). "Reasonable grounds to believe that a building might be occupied can certainly be found where a defendant has shot into a residence during the evening hours, as homeowners are most often at home during these hours." *State v. Fletcher*, 125 N.C. App. 505, 512, 481 S.E.2d 418, 423 (1997); *see also State v. Hicks*, 60 N.C. App. 718, 721, 300 S.E.2d 33, 35 (1983) (upholding the denial of a defendant's motion to dismiss the charge of discharging a weapon into occupied property and noting that people are usually at home at 5:00 a.m., when the offense occurred).

Here, the State presented evidence tending *to* show that shortly after 3:00 a.m. on 23 February 2003 defendant fired multiple shots at

Davis, who was standing on a lighted front porch of an apartment building near a baby carriage. Investigating officers traced one of the bullets fired by defendant through a hole in the apartment window and into the window frame in the living room. The bullet crossed the living room and lodged in the wall beside a door opening. Bullet fragments were also found in the baby carriage near the porch. At the time of the shooting, five children occupied the apartment. Before the shooting, defendant sat and spoke with Banks in a parked car. Banks testified she spoke with defendant in the car, rather than inside her apartment because her "family was in there asleep, my nieces and nephews in there asleep, and it was late." From the evidence presented, we conclude the jury could find that defendant had reasonable grounds to believe the apartment was occupied at the time he discharged his weapon. This argument is without merit.

**[4]** In his fourth and final argument, defendant contends the trial court committed reversible error when it refused to instruct the jury on the lesser included offense of voluntary manslaughter based on the theory of imperfect self-defense. We disagree.

"[A] trial court does not commit prejudicial error in failing to give a voluntary manslaughter instruction when a jury rejects a verdict of guilty of second-degree murder and instead finds defendant guilty of first-degree murder." *State v. Lyons*, 340 N.C. 646, 663, 459 S.E.2d 770, 779 (1995). This rule applies regardless of whether defendant asserts he is entitled to an instruction on voluntary manslaughter based on theories of heat of passion or imperfect self-defense. *Id.* at 663-64, 459 S.E.2d at 779; *State v. Price*, 344 N.C. 583, 590, 476 S.E.2d 317, 321 (1996). The rationale behind the rule is that by "finding the defendant guilty beyond a reasonable doubt of first-degree murder based on premeditation and deliberation and rejecting second-degree murder, the jury necessarily rejected, beyond a reasonable doubt, the possibilities that the defendant acted in the heat of passion or in imperfect self-defense (voluntary manslaughter) . . . ." *Id.*

In the instant case, the judge presented the jury with the possible verdicts of first-degree murder, second-degree murder, and not guilty. When the jury returned a verdict of guilty of first-degree murder based on premeditation and deliberation, this rendered harmless any error of the trial court, if there was any, in failing to submit the crime of voluntary manslaughter to the jury. *Accord id.* This argument is without merit.

**[5]** The remaining assignments of errors asserted in the record on appeal, but not argued in defendant's brief, are deemed abandoned. N.C. R. App. P. 28(b)(6).

In conclusion, we hold: (1) the trial court did not abuse its discretion in refusing to allow defendant fifteen rather than five minutes to confer with his attorney and decide whether to present evidence in his trial for first-degree murder; (2) the trial court did not err in admitting testimony by Banks regarding her telephone conversation with defendant; (3) the trial court properly denied defendant's motion to dismiss the charge of discharging a firearm into occupied property; and (4) the trial court did not commit reversible error in failing to instruct the jury on the lesser offense of voluntary manslaughter.

NO PREJUDICIAL ERROR.

Judge TYSON concurs.

Judge HUNTER concurs in part and dissents in part by separate opinion.

HUNTER, Judge, concurring in part and dissenting in part.

I concur with the portions of the majority's opinion addressing the telephone conversation between defendant and Banks, the denial of defendant's motion to dismiss, and the requested jury instructions. I disagree, however, that the trial court properly denied defendant's request for a recess of fifteen minutes in which to decide whether or not to present evidence in his trial for first degree murder. I would hold defendant is entitled to a new trial.

Defendant's trial began on 28 June 2004. The State rested its case shortly after four o'clock in the afternoon of 29 June 2004. The trial court then sent the jurors from the courtroom, at which point defendant's attorney requested the trial court "adjourn for the day or at least give us some time to make a decision to offer any evidence at all. We have talked about this, family has talked about this but couldn't make a decision until we heard everything. We just heard everything." The trial court denied defendant's request for an adjournment and informed him he had "five minutes." Defense counsel then asked, "[c]an you give me 15 minutes?" The trial court responded, "[n]o. No, sir. You've got five minutes. You knew we'd be at this point." Defense counsel stated, "Judge, I did but we truly didn't know what all the evi-

dence would be." The trial court reiterated that defense counsel had "five minutes." Defense counsel subsequently conferred with defendant and his family, after which defendant decided not to offer evidence. The jury found defendant guilty of first degree murder and discharging a weapon into occupied property, whereupon the trial court sentenced defendant to life imprisonment without parole, and to twenty-nine to forty-four months' imprisonment for his discharging a weapon into occupied property conviction.

Procedural matters relating to the conduct of a criminal trial are left largely to the sound discretion of the trial judge as long as the defendant's rights are "scrupulously afforded him." *State v. Goode*, 300 N.C. 726, 729, 268 S.E.2d 82, 84 (1980). Such discretion is not unlimited, however, and, when abused, is subject to reversal by the appellate courts. *Id.*

"It is generally recognized, by Bench and Bar alike, that the decision whether a defendant in a criminal case will present evidence or will testify in his own behalf is a matter of *paramount importance*." *Id.* at 730, 268 S.E.2d at 84 (emphasis added). "Such matters can and should be discussed generally prior to trial, but the actual decision cannot intelligently be made until the close of the State's evidence." *Id.* Appropriate recesses at the close of the State's evidence are

> deeply ingrained in the course and practice of our courts and, when requested, have been granted as a matter of course so long that "the memory of man runneth not to the contrary." The recess enables defendant and his counsel to evaluate their position. If the evidence offered by the State has made a strong case against defendant, he may decide to "throw in the towel" and tender a plea. If the State's case is weak, he may decide to rest and rely on that weakness for a verdict of acquittal. If defendant has a strong defense and credible witnesses, he may well decide to offer his evidence regardless of the strength of the State's case.

*Id.*

The defendant in *Goode* was charged with felonious breaking and entering a restaurant and felonious larceny of wine having a value of $108.00. At the close of the State's evidence at trial, defendant's counsel informed the trial court he had " 'motions,' " to which the trial court responded, " '[t]hey are denied. Will there be evidence for the defense?' " *Id.* at 728, 268 S.E.2d at 83. Defense counsel then requested a " 'short recess' " to confer with his client on the question of

whether to present evidence. The trial court denied defense counsel's request. The defendant ultimately testified on his own behalf against the advice of his counsel. He was convicted by a jury on both counts and given consecutive sentences of eight to ten years on each count.

Upon review, our Supreme Court noted that "[n]o defendant is *automatically* entitled to a recess at the close of the State's evidence because such motion is addressed to the sound discretion of the trial court." *Id.* at 730, 268 S.E.2d at 84. However, the Court continued, "where, as here, the trial judge in the presence of the jury denies unnamed motions before they are made, and then immediately denies defense counsel's request for a short recess to decide whether defendant would offer evidence, a clear abuse of discretion prejudicial to defendant's cause is established." *Id.*

In the present case, defendant was on trial for first degree murder and faced a potential sentence of life imprisonment without parole. Defendant's decision whether to present evidence, in comparison to the potential sentence for breaking, entering, and larceny faced by the defendant in *Goode*, was therefore of far greater consequence. Although it is true, as the trial court indicated when it stated "[y]ou knew we'd be at this point[,]" that defendant's right to present evidence was established at the beginning of the trial, "the actual decision [to present evidence] *cannot intelligently be made until the close of the State's evidence.*" *Id.* (emphasis added). The reality of this fact may be seen by defense counsel's statement to the trial court that "[w]e have talked about this, family has talked about this but couldn't make a decision until we heard everything. We just heard everything."

The State here provided notice to defendant of twenty to thirty potential witnesses. At trial, twelve of the potential witnesses testified. Defendant needed time to evaluate these witnesses and their testimony in order to understand his position at the close of the State's evidence. *See Goode*, 300 N.C. at 730, 268 S.E.2d at 84 (stating that "[t]he recess enables defendant and his counsel to evaluate their position"). Defense counsel explained to the court that they needed the time because they "truly didn't know what all the evidence would be" until the State finished presenting its case. Even if defendant and trial counsel had considered only the State's witnesses in the five minutes granted by the trial court, such consideration equates to a mere twenty-five seconds per witness. However, in addition to the State's witnesses, defendant and his counsel needed time to consider the three witnesses the defense had subpoenaed. Defense counsel re-

quested fifteen minutes to confer with defendant and his family regarding a decision of "paramount importance," to evaluate the relative strengths and weaknesses of the case presented by the State. *Id.* The trial court refused to grant defendant more than five minutes to make his decision.

Five minutes was inadequate time in which to make a reasoned and intelligent decision. Notwithstanding the majority's assertion otherwise, I would not hold that denying defendant's motion for a recess constituted prejudice *per se*, but rather that the trial court's refusal here to allow defendant more than five minutes to determine whether to present evidence in his trial for first degree murder was prejudicial under the facts of this case and the law of this State. *See id.* (concluding that the defendant had established prejudicial abuse of discretion where the trial court denied defense counsel's request for a short recess to decide whether the defendant would present evidence). Defendant subpoenaed three witnesses to testify on his behalf, but he had little time, if any, to consider the potential impact of that testimony in light of the evidence presented by the State. Ultimately, defendant presented no evidence, and it is impossible to ascertain what evidence, if any, defendant would have presented had he been given more time in which to make the decision. *See id.* at 730, 268 S.E.2d at 84 (holding that the defendant established clear abuse of discretion, and that such abuse was also prejudicial).

The majority cites the case of *State v. Haywood*, 144 N.C. App. 223, 550 S.E.2d 38, *disc. review denied and appeal dismissed*, 354 N.C. 72, 553 S.E.2d 206 (2001), in support of its argument. In *Haywood*, at the close of the State's evidence and after the defendant's motion to dismiss had been denied, at approximately 4:15 p.m., counsel for the defendant requested that the court recess until morning so that he could discuss with his client whether the defendant should take the stand in his own defense. The trial court denied the motion. Defense counsel did not request a shorter recess. The defendant subsequently presented evidence and was ultimately convicted of first degree rape, first degree sexual offense, and conspiracy to commit first degree rape. The trial court sentenced him to concurrent sentences of 240 to 297 months on the first degree rape charge, 240 to 297 months on the first degree sexual offense charge, and to 151 to 191 months on the conspiracy charge.

Upon appeal, this Court found no prejudicial error, stating that "[a]ssuming *arguendo* the trial court erred in denying defendant's motion for a recess to confer with his attorney, defendant has not

shown that he was prejudiced by his decision to take the stand and present a witness in his behalf." *Id.* at 233, 550 S.E.2d at 45. This was because "[i]t was only through defendant's testimony that he was able to present evidence on the defense of necessity and evidence negating the charge of conspiracy." *Id.* Further, the trial court had not permitted the State to cross-examine the defendant regarding prior convictions for communicating threats and assault on a female because these convictions had not been furnished to the defendant in discovery. *Id.* The Court also noted that, instead of a short recess as was requested in *Goode*, the *Haywood* defendant asked for an overnight recess. As such, the Court noted, "[w]e are unable to say that the trial court here would not have granted a recess of shorter duration if defendant had clearly asked for one." *Id.*

*Haywood* is distinguishable from the facts of the present case. Unlike *Haywood*, defendant here renewed his request for a short recess after his request for an overnight recess was denied. Moreover, the Court in *Haywood* never answered the question of whether the trial court erred in failing to grant a recess; rather, it held that, *assuming* there was error, the defendant had failed to establish prejudice because the evidence he presented was critical to his case. Here, defendant presented no evidence. Finally, unlike the defendant in *Haywood*, defendant here faced and received a sentence of life imprisonment without parole.

In evaluating the facts of the present case in light of our case law precedent, the instant case more closely resembles *Goode* than *Haywood*. Like the case in *Goode*, there is no sound reason for the denial of defendant's request for a reasonable amount of time to confer with counsel to make an intelligent and considered decision of "paramount importance." *See Goode*, 300 N.C. at 730, 268 S.E.2d at 84 (stating that "[f]or reasons entirely obscure, the defendant in this case and his counsel had no opportunity to weigh these important matters together and reach a considered judgment"); *compare State v. Barlowe*, 157 N.C. App. 249, 258, 578 S.E.2d 660, 665 (holding, where the trial court denied the defendant's request for a continuance in her trial for first degree murder, that "[g]iven the materiality of the issue on which defendant sought expert advice and testimony and the potential penalty faced by defendant if convicted, we can find no sound reason within the record for the denial of her motion for a continuance"), *disc. review denied*, 357 N.C. 462, 586 S.E.2d 100 (2003). Our Supreme Court has stated:

IN RE FORECLOSURE OF COLE

[175 N.C. App. 653 (2006)]

[T]he decision whether a defendant in a criminal case will present evidence or will testify in his own behalf is a matter of paramount importance. Such matters can and should be discussed generally prior to trial, but the actual decision cannot intelligently be made until the close of the State's evidence.

[S]uch recesses at the close of the State's evidence are deeply ingrained in the course and practice of our courts and, when requested, have been granted as a matter of course so long that "the memory of man runneth not to the contrary."

*Goode*, 300 N.C. at 730, 268 S.E.2d at 84. Defendant was entitled to a reasonable amount of time to make such a critical decision in his trial for first degree murder. He requested fifteen minutes. The trial court gave him five. I would hold defendant is entitled to a new trial. *See id.* I therefore respectfully dissent.