STATE OF NORTH CAROLINA v. GARY ANTHONY WILLIAMS

No. 118A06

(Filed 15 December 2006)

**Criminal Law— recess to decide whether to present evidence—5 minutes—abuse of discretion**

The trial court abused its discretion by allowing a defendant only five minutes at the end of the State's evidence to decide whether to present his evidence, and his convictions for first-degree murder (noncapital) and discharging a firearm into occupied property were reversed and remanded. The defendant was facing life in prison and had to make a decision of paramount importance; the five-minute limitation was in no way justified by administrative efficiency.

Justice EDMUNDS dissenting.

Chief Justice PARKER and Justice NEWBY join in the dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 175 N.C. App. 640, 625 S.E.2d 147 (2006), finding no prejudicial error in judgments entered 30 June 2004 by Judge Ernest B. Fullwood in Superior Court, Wayne County. Heard in the Supreme Court 12 September 2006.

*Roy Cooper, Attorney General, by Francis W. Crawley, Special Deputy Attorney General, for the State.*

*Marilyn G. Ozer for defendant-appellant.*

TIMMONS-GOODSON, Justice.

Gary Anthony Williams ("defendant") appeals his convictions for first-degree murder and discharging a firearm into occupied property. For the reasons discussed herein, we hold that the trial court erred in granting defendant and his counsel a mere five minutes to decide whether to present evidence in defendant's trial. Therefore, we reverse the Court of Appeals and remand this case to that court with instructions to vacate defendant's convictions and to further remand this case to the trial court for a new trial.

On 6 October 2003, defendant was indicted for first-degree murder and discharging a firearm into occupied property. Defendant was

tried non-capitally at the 28 June 2004 session of Wayne County Superior Court. Before the matter came on for trial, the parties argued several motions, including a motion filed by defendant demanding a list of witnesses the State intended to call during the trial. The following colloquy took place:

MR. DELBRIDGE [DISTRICT ATTORNEY]: I think what Mr. Spence [defense counsel] is asking me to give him is a list of the witnesses in order in which I intend to call them specifically and I've given notice to all potential witnesses and I think that's sufficient at this juncture.

MR. SPENCE: I don't need list of order but which ones he'll call. I have a group of 20 or 30 that he has and unless he'll call all 20 or 30 . . .

THE COURT: Well, as I understand it what he said was he intends to call the witnesses that he gave you, the names he gave you. Now, whether or not they in fact are called, of course you know that's a subject—that's subject to change. You understand that.

MR. SPENCE: I understand, Judge.

THE COURT: I don't know anything else we can do with that, Mr. Spence.

MR. SPENCE: Specifically what I want to know is what witness he'll actually call to the witness stand during the trial of this case.

THE COURT: Well, you know, I don't think you can confine him to require him to call witnesses. He can tell you which witnesses he intends to call. He's done that. I don't think the law requires him to do more than that. So to the extent that your motion requires more than that, then it's denied.

Defendant's case proceeded to trial later that morning.

After presenting the testimony of twelve witnesses, the State rested its case at 4:08 p.m. on Tuesday, 29 June 2004. At that time, the following exchange took place between defense counsel and the trial court:

MR. SPENCE: . . . I would like to adjourn for the day or at least give us some time to make a decision to offer any evidence at all. We have talked about this, family has talked about this

but couldn't make a decision until we heard everything. We just heard everything.

THE COURT: Give you five minutes, Mr. Spence.

MR. SPENCE: Can you give me 15 minutes?

THE COURT: No. No, sir. You've got five minutes. You knew we'd be at this point.

MR. SPENCE: Judge, I did but we truly didn't know what all the evidence would be.

THE COURT: You've got five minutes.

After the short recess, defense counsel indicated to the court that defendant would present no evidence. The trial court then sent the jurors home for the day and conducted the charge conference. The next morning, after closing arguments and a brief deliberation, the jury found defendant guilty of first-degree murder and discharging a firearm into occupied property. The trial court sentenced defendant to life imprisonment without parole for the murder conviction and a term of twenty-nine to forty-four months for discharging a firearm into occupied property.

Defendant appealed his conviction, and on 7 February 2006, a majority of the Court of Appeals found no prejudicial error, with one judge concurring in part but dissenting as to the five minute recess issue. *State v. Gary A. Williams*, 175 N.C. App. 640, 625 S.E.2d 147. On 10 March 2006, defendant filed notice of appeal to this Court based on the dissent.

The issue presented by this appeal is whether the trial court abused its discretion by granting defense counsel five minutes to confer with his client about whether to present evidence.

"Matters relating to the actual conduct of a criminal trial are left largely to the sound discretion of the trial judge so long as defendant's rights are scrupulously afforded him." *State v. Goode*, 300 N.C. 726, 729, 268 S.E.2d 82, 84 (1980) (citing *State v. Perry*, 277 N.C. 174, 176 S.E.2d 729 (1970)). This Court has held, however, that "such discretion is not unlimited and, when abused, is subject to review." *Id.* To establish that a trial court's exercise of discretion is reversible error, a defendant "must show harmful prejudice as well as clear abuse of discretion." *Id.* (citing *State v. Young*, 287 N.C. 377, 214 S.E.2d 763 (1975), *judgment vacated in part on other grounds*, 428

U.S. 903 (1976) and *State v. Moses*, 272 N.C. 509, 158 S.E.2d 617 (1968)). A trial court's actions constitute abuse of discretion "upon a showing that [the] actions 'are manifestly unsupported by reason' " and " 'so arbitrary that [they] could not have been the result of a reasoned decision.' " *State v. T.D.R.*, 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

This Court reviewed the practice of granting a recess to a defendant at the close of the State's case in *Goode*. 300 N.C. at 730, 268 S.E.2d at 84.

> It is generally recognized, by Bench and Bar alike, that the decision whether a defendant in a criminal case will present evidence or will testify in his own behalf is a matter of paramount importance. Such matters can and should be discussed generally prior to trial, but the actual decision cannot intelligently be made until the close of the State's evidence.
>
> . . . [S]uch recesses at the close of the State's evidence are deeply ingrained in the course and practice of our courts and, when requested, have been granted as a matter of course so long that "the memory of man runneth not to the contrary." The recess enables defendant and his counsel to evaluate their position.

*Id.*

In *Goode*, the defendant faced felony charges for breaking and entering and larceny. 300 N.C. at 726, 268 S.E.2d at 82. He was convicted on both counts and sentenced to consecutive terms of imprisonment for eight to ten years for each count. *Id.* at 726-27, 268 S.E.2d at 82. During trial, the trial court summarily denied defense counsel's request for a recess at the close of the State's evidence. *Id.* at 728, 268 S.E.2d at 83. After finding no reason for the trial court's decision to deny the defendant and his counsel the "opportunity to weigh these important matters together and reach a considered judgment," the Court in *Goode* held that the judge abused his discretion. *Id.* at 730, 268 S.E.2d at 84.

With regard to the abuse of discretion standard that governs here, we can find no reasonable basis for the trial court's decision to limit the requested recess to five minutes. Defendant was on trial for first-degree murder. If convicted, he faced imprisonment for the remainder of his life with no opportunity for parole. Because of the gravity of the murder charge and its possible consequences,

defendant's decision whether to put on evidence in his defense was arguably more important than that faced by the defendant in *Goode*. In the present case, the only explanation in the record is the following statement by the trial court to defense counsel: "You knew we'd be at this point." However, defense counsel may not have expected the State to rest its case shortly after 4:00 p.m. on the second day of trial. While arguing motions on the morning of the first day of trial, defense counsel noted that he had a list of twenty or thirty witnesses that the State might call. The State rested, however, after having called only twelve witnesses.

Defense counsel also argued to the trial court that he and defendant "truly didn't know what all the evidence would be." This Court indeed recognized in *Goode* that an "actual decision" about whether to present evidence "cannot intelligently be made until the close of the State's evidence." *Id.* Here, defendant and his counsel had a great deal to consider. Each of the State's three primary witnesses was not initially forthcoming with police about defendant's identity. In fact, two of the witnesses did not identify defendant until after police informed them that they might be charged with murder. Furthermore, the testimony of one of the State's primary witnesses repeatedly contradicted the statement she gave to police.[1] Additional complexity was introduced by a change in the composition of the jury after lunch on the second day of trial. We agree with defendant that the trial court's decision to grant a mere five minutes in which to consider all of these factors and make an intelligent decision about such an important matter was manifestly unsupported by reason.

When judges make decisions about the conduct of a trial, they essentially balance the defendant's interest in a fair trial against the court's interest in administrative efficiency and the proper management of judicial resources. *Cf. State v. Roper*, 328 N.C. 337, 352, 402 S.E.2d 600, 608 (reviewing the denial of a continuance for constitutional error), *cert. denied*, 502 U.S. 902 (1991). In the instant case, the balance unquestionably tips toward granting a reasonable amount of time for the requested recess. Defendant, facing life in prison without parole, must make a decision about "a matter of paramount importance." *Goode*, 300 N.C. at 730, 268 S.E.2d at 84. The court's limitation of the recess to five minutes, on the other hand, is in no reasonable

---

1. The State itself recognized that its case was not strong, as evidenced by the fact that before the court reconvened for closing arguments on the morning of the third day, the district attorney "offered [defendant] second degree murder straight up." Defendant turned down the offer.

way justified by an interest in administrative efficiency. While that interest is important in theory, in the context of the decision rendered by the trial court in this particular case, it is irrelevant. In an already short first-degree murder trial, the trial court's desire to save a little time is clearly outweighed by defendant's interest in having sufficient time to make one of the most important decisions of his life. This "myopic insistence upon expeditiousness in the face of a justifiable request for delay," *Ungar v. Sarafite*, 376 U.S. 575, 589, (1964), was " 'arbitrary' " and " 'manifestly unsupported by reason,' " *T.D.R.*, 347 N.C. at 503, 495 S.E.2d at 708 (quoting *White*, 312 N.C. at 777, 324 S.E.2d at 833).

Both the Court of Appeals majority and the State cite *State v. Haywood*, 144 N.C. App. 223, 550 S.E.2d 38, *appeal dismissed and disc. rev. denied*, 354 N.C. 72, 553 S.E.2d 206 (2001), in support of their arguments. In *Haywood*, the trial court's refusal to grant an overnight recess at the close of the State's case was not deemed reversible error. *Id.* at 233, 550 S.E.2d at 45. In overruling the defendant's assignment of error on this issue, the Court of Appeals noted that the defendant decided to testify and in doing so, presented evidence crucial to his defense. *Id.* In the instant case, defendant presented no evidence. Therefore, we are unable to say that defendant was not prejudiced by the trial court's decision.

In light of the foregoing conclusions, we hold that the trial court erred when it arbitrarily limited defendant and his counsel to five minutes in which to decide whether to put on evidence in defendant's first-degree murder trial. Therefore, we reverse the Court of Appeals and remand this case to that court with instructions to vacate defendant's convictions and to further remand this case to the trial court for a new trial.

REVERSED AND REMANDED; NEW TRIAL.

Justice EDMUNDS dissenting.

The majority holds that the trial judge abused his discretion by allowing a recess that the majority concludes was too short. I believe the majority is substituting its judgment for that of the trial judge and, in so doing, will cause confusion in the trial bench as judges attempt to determine how long such a recess must be to be long enough. Accordingly, I respectfully dissent.

STATE v. WILLIAMS

[361 N.C. 78 (2006)]

In *State v. Goode*, cited by the majority, we found that the trial court abused its discretion when it refused to allow the defendant a recess at the conclusion of the State's evidence. 300 N.C. 726, 730, 268 S.E.2d 82, 84 (1980). In *Goode*, the defendant's request for a recess was made in the presence of the jury. *Id.* When the trial judge summarily denied the request, the jury watched as a dispute erupted between the defendant and his attorney over whether defendant would testify. *Id.* at 728, 268 S.E.2d at 83. Although we concluded that, under these facts, the judge in *Goode* abused his discretion by denying the request for a recess, we went on to observe that "[n]o defendant is *automatically* entitled to a recess at the close of the State's evidence because such motion is addressed to the sound discretion of the trial court." *Id.* at 730, 268 S.E.2d at 84. That statement is still good law.

*Goode* provides little guidance for the case at bar. Here, the State allowed open-file discovery so that defendant began trial knowing the State's theory of prosecution, the witnesses who might be called, and the substance of those witnesses' anticipated testimony. Although defendant's offense was grave, the State's presentation of the evidence was short, lasting from approximately 3:40 p.m. the first day until approximately 4:00 p.m. the second. The transcript does not suggest that there were any surprises. Defendant and his counsel thus knew that the decision whether or not to present evidence was imminent, and, as defense counsel later stated, he and defendant on numerous occasions had discussed "the pluses and the negatives" of defendant's decision whether to testify. Defendant's request for a recess, made outside the presence of the jury, was allowed, albeit for a period shorter than requested. Counsel then advised the court after the recess that he and defendant had talked with defendant's family and agreed that defendant would not present evidence.

Reviewing courts should not be quick to find abuse of discretion, which results when "the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). A trial court is in a better position than we to observe what is happening in court and to control proceedings, *see State v. Little*, 270 N.C. 234, 240, 154 S.E.2d 61, 66 (1967), and appellate courts should be "loth to review or to disturb" the trial court's exercise of discretion, *State v. Sauls*, 190 N.C. 810, 814, 130 S.E. 848, 850 (1925).

**BUILDERS MUT. INS. CO. v. NORTH MAIN CONSTR., LTD.**

[361 N.C. 85 (2006)]

Because the reviewing court does not in the first instance make the judgment, the purpose of the reviewing court is not to substitute its judgment in place of the decision maker. Rather, the reviewing court sits only to insure that the decision could, in light of the factual context in which it is made, be the product of reason.

*Little v. Penn Ventilator Co.*, 317 N.C. 206, 218, 345 S.E.2d 204, 212 (1986).

I do not disagree with the majority that the cold record suggests a longer recess might have been advisable. However, we were not in the courtroom. We did not see what the trial judge saw and we did not hear what the trial judge heard. The trial judge gave defendant what he asked; our only question is the duration of the recess. I am unwilling to substitute my judgment for that of the learned and experienced trial judge in this case. Accordingly, I believe defendant has failed to establish that the trial judge abused his discretion in allowing only a short recess after the State rested its case.

Because I can discern no abuse of discretion, there is no need to consider possible prejudice to defendant.

Chief Justice PARKER and Justice NEWBY join in this dissent.